**RUDOLPH CHEVROLET COMPANY,**
**Appellant,**

v.

**Lynn FULLBRIGHT, Appellee.**

**No. 6063.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 31, 1969.

William C. Dudley and Jack Brewster, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, Malcolm Harris, El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

The statement of the nature and result of the case is set forth in the appellant's brief and accepted by the appellee, and is substantially as follows:

This is an appeal from a theft from a bailee case. Judgment was entered and it was decreed by the 120th Judicial District Court of El Paso County, Texas, that plaintiff Lynn Fullbright recover judgment against defendant, Rudolph Chevrolet Company, in the sum of $3,300.00 as value of a car entrusted to Rudolph Chevrolet and stolen from its place of business. Fullbright delivered his automobile to Rudolph Chevrolet Company on or about the 1st of April, 1968, for the purpose of performing mechanical repairs. Some time during the following day an unknown person(s) entered the fenced and limited accesss storage area of the appellant, located immediately adjacent to appellant's building, and without authority removed the appellee's vehicle. Said vehicle has not been since recovered. The jury found the appellant guilty of negligence in its care and safe-guarding of appellee's automobile.

Appellant presents three points of error; but, after examining the record, we feel

that these three points of error must be overruled and the judgment of the trial court affirmed.

It seems that the appellee Fullbright delivered his car to appellant Rudolph Chevrolet Company for repairs. The car was never returned, nor has the appellant accounted for its loss. In the words of appellant's service manager, the car disappeared from the lot, his statement being: "It was gone". We feel that these circumstances present a prima facie case of negligence and liability, thereby placing the burden on the bailee-appellant to justify the loss of the car. This it seems not able to do, as indicated by the quotation from the service manager's testimony heretofore mentioned.

The trial court submitted issues inquiring of defendant's negligence, and the jury answered favorably to the appellee. It seems undisputed and admitted that the appellant left the keys in the car while on the parking lot; permitted unknown persons to enter the lot; and failed to keep the car locked. This is the conduct that the jury found to be negligent and a proximate cause of the loss.

■ Appellant's first point is that the court erred in failing to instruct the jury as requested by the appellant as follows:

"You are instructed that the defendant, Rudolph Chevrolet Company, was not required to use any greater degree of care in the protection of plaintiff's automobile than would have been used by an ordinary prudent operator of a motor repair shop similarly situated would have used."

The court submitted the case to the jury as heretofore mentioned on a definition of "negligence" as follows:

" * * * the doing of that which a person of ordinary prudence would not do under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would do under the same or similar circumstances."

We think this definition is adequate and proper and fairly submitted the matter to the jury. This was a case of alleged negligence of a mutual benefit bailee, and it is elementary that such mutual benefit bailee must exercise that degree of care which an ordinarily prudent person would use in protecting the bailor's property from theft. We do not believe the instruction requested by appellant meets the situation because it does not delineate the proper degree of care that mutual bailees owe to each other, and the practice of a trade is not ordinarily the proper definition or description of the care required. Therefore, we feel that the appellant's first point must be, and is, overruled.

■ Appellant's second and third points are as follows:

"SECOND POINT

"THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR THE APPELLEE IN THAT THERE WAS NO EVIDENCE, OR INSUFFICIENT EVIDENCE, TO SHOW THAT APPELLANT WAS NEGLIGENT IN:

(A) FAILING TO REMOVE THE IGNITION KEYS FROM APPELLEE'S VEHICLE WHILE IT WAS IN APPELLANT'S SECURE STORAGE AREA; OR

(B) PERMITTING UNKNOWN PERSONS TO ENTER THE STORAGE AREA WHERE APPELLEE'S VEHICLE WAS LOCATED; OR,

(C) FAILING TO LOCK THE DOORS TO APPELLEE'S VEHICLE WHILE IT WAS IN THE SECURE STORAGE AREA.

"THIRD POINT

"THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR APPELLEE IN THAT THERE WAS NO

EVIDENCE, OR INSUFFICIENT EVIDENCE, TO ESTABLISH THAT APPELLANT'S FAILURE TO:

(A) REMOVE THE IGNITION KEYS FROM APPELLEE'S VEHICLE WHILE IT WAS STORED IN APPELLANT'S SECURE STORAGE AREA; OR,

(B) PREVENT UNKNOWN PERSONS FROM ENTERING THE STORAGE AREA; OR

(C) LOCK THE DOORS TO APPELLEE'S VEHICLE WHILE IT WAS IN THE STORAGE AREA, WAS A PROXIMATE CAUSE OF ITS LOSS."

We think these points must be overruled. The conduct which the jury found to be negligent was undisputed and admitted. As a matter of fact, the last employee to handle the car was appellant's mechanic, Tony Saucedo, who testified that the last time he parked the car, he left the car unlocked with the keys in it. The foreman of the appellant's Make Ready Department testified that "customers, mechanics and various other people" are in and out of the lot in question every day. Also appellant's employee, James A. Tift, testified that various people other than employees were in and out of the lot in question during the day, and that it was appellant's practice to leave the keys in the car and leave the car unlocked, and that appellant did not keep a key board inside of the shop as do many repair shops. We feel this testimony, which was uncontradicted, is more than sufficient to warrant the jury finding that appellant was negligent in leaving the car unlocked with the keys in it, on a lot to which other people had access and which lot was accessible to persons not employed by appellant. With reference to the third point, there is ample evidence in the record to show that the jury was justified in finding that the loss of appellee's vehicle while it was in the storage area was proximately caused by appellant's negligence. As set forth above, these points are accordingly overruled.

In short, appellee turned over his car to appellant for repair, and it was stolen while under appellant's jurisdiction, and from appellant's lot, by virtue of defendant's negligence as found by the jury.

All of appellant's points are overruled and the judgment of the trial court is affirmed.