AATCO TRANSMISSION CO.,
Appellant,

v.

Demetrius HOLLINS, Appellee.

No. 01–84–0234–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 6, 1984.

Audley H. Heath, Houston, for appellant.

Chester L. Thornton, Boston & Thornton, Houston, for appellee.

Before JACK SMITH, DUGGAN and KEITH, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a bench trial judgment awarding $3,000 damages to the appellee automobile owner on his action for negligent bailment against the appellant transmission company, and entering a take nothing judgment against the appellant's shop manager. Appellee contracted with appellant to have his automobile transmission replaced. While his car was in appellant's shop, it was stolen. When appellee came to pick up his car, he was informed of the theft, and told that his car was found at a salvage yard. The engine, transmission, tires, accessories, and hood had been removed from the car, and the body of the

car had been burned. Appellant brings three points of error on appeal.

In its first point, appellant alleges that the trial court erred in finding that it had not rebutted the presumption of negligence. Where a bailed chattel is not returned, or is returned in a damaged condition, a prima facie case of negligence is established, and the bailee must rebut this presumption of negligence. *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975). In order to rebut this presumption, the bailee must prove that the loss or damage resulted from some cause other than his own negligence, and he must establish that he used due care in protecting the chattel. *Allright, Inc. v. O'Neal*, 596 S.W.2d 208 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ dism'd). The standard of care is the care a reasonable and prudent person would use in protecting the chattel. *Allright, Inc. v. Elledge*, 515 S.W.2d 266 (Tex.1974); *Rudolph Chevrolet Co. v. Fullbright*, 449 S.W.2d 355 (Tex.Civ.App.—El Paso 1969, no writ). When the bailee shows that the chattel was stolen, he has sufficiently explained the failure to return to the bailor, and the presumption of negligence is rebutted; the bailor must then go forward and prove that the bailee's negligence proximately caused the loss. *Allright Inc. v. Brubaker*, 473 S.W.2d 593 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

Steve Whorton, the manager of appellant Aatco Transmission, testified that Aatco's shop and yard are completely surrounded by an eight foot high chain link fence topped with barbed wire. The owner of the company testified that the shop had a burglar alarm system, but the system was faulty and had been turned off on the night in question. The shop is operated in a steel building with two metal doors for customers and two sliding doors to allow cars to drive into the building. Whorton testified that while a car is being worked on, the keys are kept in the car, but are removed at night and put in a desk drawer in the office. He said that he personally removed the keys from appellee's car on the evening before the theft, so that he was certain that the keys were not in it when it was stolen. However, appellee and his sister testified that someone at the shop told them that the keys had been left in the car and the car had been left unlocked on the night in question.

On the night appellee's car was stolen, the thief broke the deadbolt on the back door to the building and cut a padlock off the sliding doors to drive the car out of the building. The thief also drove over or pulled down the fence gate to get the car out of the yard. Nothing else was stolen from the shop, although other cars were inside, and at least one other car had its keys in the ignition.

Appellant presented evidence sufficient to rebut the presumption of negligence. However, in its findings of fact, the trial court found that appellant was negligent in leaving the car unlocked and the keys in the ignition, and that such negligence was a proximate cause of the theft. The trial court did not rely on the presumption of negligence, but found negligence from the evidence presented. Appellant's first point of error is overruled.

In its second point of error, appellant alleges that the trial court erred in finding that the failure to remove the keys from appellee's car was the proximate cause of the loss of appellee's car. Appellee and his sister both testified that the man in appellant's shop who told them the keys had been left in the car was the assistant manager. Neither knew his name, and both testified that the man was neither Steve Whorton nor Aatco's owner nor anyone else present in court. Appellant introduced evidence that no one in its office had the title of "assistant manager," and Whorton testified specifically that he took the keys from the car on the night before the theft and put them in the desk drawer inside the office. Although appellant argues that appellee's testimony regarding the statement allegedly made to him by the "assistant manager" is hearsay, and is not competent to prove that the keys were left in the car on the night in question, appellant did not

object to this testimony when it was elicited.

The rule in Texas in the past has always been that hearsay is no evidence; even without an objection it had no probative value and could not support a finding or a judgment. *See Cooper Petroleum Co. v. LaGloria Oil & Gas Co.*, 436 S.W.2d 889, 891 (Tex.1969). As of September 1, 1983, this rule was changed, and the instant case was tried on February 2, 1984. Rule 802 of the Texas Rules of Evidence now provides that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. Adapted from the Federal Rules of Evidence, the new Texas rule has yet to be interpreted by the state courts. We look therefore to federal case law to aid us in our construction. In *Perryman v. Johnson Products Co.*, 532 F.Supp. 373, 376 (N.D.Ga.1981), the court held that unobjected-to hearsay was admissible and could be considered in arriving at "ultimate conclusions." *See also National Labor Relations Board v. International Union of Operating Engineers*, 413 F.2d 705 (9th Cir.1969); *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543 (9th Cir.1960). So in the case at bar, the unobjected-to hearsay regarding the car keys was admissible and had some probative value on the issue of negligence.

The trial court, as the trier of fact, was entitled to believe appellee's evidence and to discount Whorton's self-serving statements regarding the keys. The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Southwestern Bell Telephone Co. v. Griffith*, 575 S.W.2d 92 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The trial court did not err in finding that appellant negligently left the keys in appellee's car.

We must also determine whether the trial court was justified in finding that appellant's negligence was a proximate cause of the theft. Appellant's security system presented two impediments to auto theft: a locked fence around the yard and a locked steel building in which the car was kept at night. Although the keys were left in the car, the locked fence and the locked doors presented serious obstacles to the would-be thief. *Cf. Yancey v. Olvera*, 518 S.W.2d 935, 941 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.); (fenced lot with chain for gate, no night watchman, held: negligence); *Wagner v. Betts*, 496 S.W.2d 190 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.) (car left locked on lot, keys kept on pegboard in office, held: not negligence); *Rudolph Chevrolet Co. v. Fullbright*, 449 S.W.2d 355 (Tex.Civ.App.1969) (car left unlocked with keys inside, fenced lot, access by unknown persons, held: negligence). The thief in the case at bar overcame these obstacles and took appellee's car, although there were other cars in the shop. Even though the keys to the other cars were kept in an unlocked desk drawer in an unlocked office, the trial court could reasonably have concluded that the presence of the keys in appellee's car enhanced its accessibility and may have influenced the thief to pass up the other cars and take appellee's car. We hold that there was sufficient evidence to support the trial court's finding that appellant's negligence was a proximate cause of the theft.

In its third point of error, appellant alleges that the trial court erred in overruling its objections to the admission of documentary evidence. Appellee sought to introduce seven exhibits which allegedly represented the cost of various accessories he had installed in his car. The original receipts for these items were in the glove compartment when the car was stolen, and appellee was unable to recover them from the burned shell of his car after the theft. The documents introduced by appellee represented estimates of the value of each item from the store from which it was purchased. The trial court admitted exhibits showing the estimated cost of the tires, the wheels, the stereo system, a paint job, and a tune up. Appellant objected to the exhibits on the basis of hearsay, and it now urges that the trial court erred in admitting these exhibits over its objections.

 However, there is other evidence in the record of the value of appellee's car. Appellee testified that his car was worth $5000 before the transmission failed, and that it was worth $3000 on the day it was towed into appellant's shop. He also testified that he had 125 tapes in his car when it was stolen, and that each tape cost him at least $6.99. The owner of a car or other personal property may testify as to its value for the purpose of establishing damages. *Chrysler Corp. v. McMorries*, 657 S.W.2d 858, 867 (Tex.App.—Amarillo 1983, no writ); *Chrysler-Plymouth City, Inc. v. Guerrero*, 620 S.W.2d 700, 703 (Tex.Civ. App.—San Antonio 1981, no writ); *Espinosa v. Schomberg*, 601 S.W.2d 161, 164 (Tex. Civ.App.—Waco 1980, writ ref'd n.r.e.); *Ford v. Texas Department of Public Safety*, 590 S.W.2d 786, 787 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Stewart v. Frazier*, 461 S.W.2d 484, 486 (Tex.Civ.App.—Dallas 1970, no writ).

The trial court found that appellee's car was worth $2375 and that his tapes were worth $625, for a total loss of $3000. The trial court, as the trier of fact, was entitled to base its finding on appellee's opinion testimony as to the value of his car and tapes. *Cortez v. Mascarro*, 412 S.W.2d 342, 344 (Tex.Civ.App.—San Antonio 1967, no writ). Therefore, even if the exhibits in question were inadmissible hearsay, any error in admitting them was harmless, as the trial court had before it sufficient evidence on which to base its findings of the value of appellee's loss. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.