Celestine BURNS, Appellant,

v.

DREW WOODS, INC., Appellee.

No. 10–94–280–CV.

Court of Appeals of Texas, Waco.

June 7, 1995.

Rehearing Overruled June 28, 1995.

Lane D. Thibodeaux, James & Thibodeaux, P.L.L.C., Bryan, for appellant.

Cynthia L. Jones, David Funderburk, Funderburk & Funderburk, Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Celestine Burns sued Lattner Boiler Manufacturing Company and Drew Woods, Inc., alleging that she was injured when a boiler—manufactured by Lattner and maintained by Drew Woods—exploded. Lattner's motion to dismiss the suit on grounds it had settled Burns' claim was granted with prejudice to Burns' refiling it. Drew Woods moved to dismiss Burns' claim for want of prosecution after she failed to appear for a pretrial conference, and the court signed an order dismissing Burns remaining claims with prejudice.

■ Burns filed a motion to reinstate the suit against Drew Woods, asserting that she had been unable to obtain counsel during the period that included the scheduled pretrial

conference, that she had so informed the court in a handwritten letter, and that her new counsel was ready, willing, and able to try the case at an early date. Drew Woods responded, asserting that Burns' failure to appear was the result of conscious indifference because she knowingly failed to attend the conference. The court heard the motion to reinstate and denied it. Burns requested findings of fact and conclusions of law. Although she requested and received permission from this court to file a pre-submission supplemental transcript to include "Notice of Past Due Findings of Fact and Conclusions of Law," no supplement has been filed with us. *See* TEX.R.CIV.P. 297; TEX.R.APP.P. 55(b). However, Rule 296 only applies to a "case tried ... without a jury." *Johnson v. J.W. Const. Co.*, 717 S.W.2d 464, 467 (Tex. App.—Fort Worth 1986, no writ); TEX. R.CIV.P. 296. Thus, because a hearing on a motion to reinstate is not a "case tried without a jury," we attach no significance to the fact that findings and conclusions are not before us.

■ Burns does not assert that she attended the pretrial conference or that the court had no authority to dismiss her suit for failing to appear. *See* TEX.R.CIV.P. 165a.1. In a single point of error, she asserts that the court abused its discretion in denying her motion to reinstate the suit against Drew Woods. *See id.* 165a.3. Rule 165a.3 provides, however, the court *"shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional *or* the result of conscious indifference but was due to an accident or mistake *or* that the failure has been otherwise reasonably explained." [1] *Id.* (emphasis added). Thus, if the court makes the specified finding, it has no discretion and must reinstate the case. When a point of error asserts that the court erred in failing to reinstate a cause, the rule focuses our review not on the court's discretion but on its role in the fact-finding

---

1. Rule 165a was substantially rewritten in 1984. The standard in subsection 3 "presumably evolved from the 1977 case of *Meshwert v. Meshwert*," 549 S.W.2d 383 (Tex.1977), in which the Supreme Court accepted a "reasonable explana-

tion" for a delay in filing an appellate record. Steve McConnico and Daniel W. Bishop II, *Practicing Law With the 1984 Rules: Texas Rules of Civil Procedure Amendments Effective April 1, 1984*, 36 BAYLOR L.REV. 73, 94 (1984).

process.[2]

In non-jury matters, the determination of the credibility of the witnesses and the weight to be given their testimony is left to the trial judge. *Aatco Transmission Co. v. Hollins,* 682 S.W.2d 682, 685 (Tex.App.—Houston [1st Dist.] 1984, no writ). Three possibilities exist: (1) the evidence conclusively establishes that the failure was not intentional or the result of conscious indifference but was due to an accident or mistake or is otherwise reasonably explained, in which event the court must make the required finding and reinstate the case; (2) the evidence conclusively establishes that the failure was intentional or the result of conscious indifference, in which event the court cannot make the required finding and must deny the motion to reinstate; or (3) the evidence is conflicting or ambiguous, in which event the court's duty is to resolve the conflict or ambiguity, make or refuse to make the required finding, and grant or deny the motion to reinstate accordingly. Our task is to determine whether the trial court properly applied Rule 165a.3. *See* Tex.R.Civ.P. 165a.3.

Burns testified that in February of 1994 she knew her attorney had withdrawn, that she did not attend the pretrial conference on April 15, 1994, that she went to the district clerk's office on that day, and that someone in the clerk's office asked her to sign her name and place her initials in some type of book. Her documentary evidence consisted of three exhibits: a letter dated and filed with the district clerk on March 4, 1994, a business card from an attorney that she had consulted, and the court's docket sheet from a criminal case that was tried during the week Burns' case had been set. The court admitted the first two exhibits into evidence but sustained an objection to the docket sheet as irrelevant. The letter said:

> I do not have an attorney yet I am still looking for one. Because my attorney withdrew from my case. I would like to delay this trial for a while until I can get an attorney.

Drew Woods offered no evidence. Although Burns argued that the evidence showed that she was not consciously indifferent to attending the pretrial conference, the court denied her motion to reinstate.

Burns presented evidence explaining her failure to appear: she was without a lawyer, she wrote a letter advising the court of her situation, and she contacted the district clerk and tried to see the judge. We find that she presented an uncontroverted set of facts that "otherwise reasonably explained" her failure to appear. *See id.* Thus, by the terms of Rule 165a.3, her failure was not intentional or the result of conscious indifference. *See id.*

Presented with conclusive evidence that "otherwise reasonably explained" Burns' failure to appear, the court was bound by Rule 165a.3 to find that her failure was not intentional or the result of conscious indifference. *See id.* Having done so, it was obligated to reinstate the case. *See id.* We sustain Burns' point of error, reverse the order denying reinstatement, reinstate Burns' case against Drew Woods, Inc., and remand it for a trial on the merits.

---

2. We are aware that some courts of appeals review this question under an abuse of discretion standard. *E.g., Seigle v. Hollech,* 892 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1994, n.w.h.); *Torres v. Rios,* 869 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1993, no writ); *Olin Corp. v. Coastal Water Auth.,* 849 S.W.2d 852, 855 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Eustice v. Grandy's,* 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ). Given these authorities, Burns' point of error is sufficient to attack the court's denial of the motion to reinstate.