TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00103-CV







James Douglas Barding, Appellant



v.



Texas Department of Criminal Justice, Pardon and Paroles Division;


Melinda H. Bozarth; Cecil C. Simpson; H. B. Skelton; Pat M. Ivey;


Jesus T. Zapata; and Joe Lewis, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-12143, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 Appellant James Douglas Barding ("Barding") sued appellee Texas Department of
Criminal Justice, et al. (the "Department") alleging, among other things, wrongful termination
of employment, breach of contract, and violation of the Due Process Clauses of the Texas and
United States Constitutions. The district court dismissed the case for want of prosecution. 
Barding filed a motion to reinstate, but his motion was overruled by operation of law. Barding
appeals the district court's decision not to reinstate the case. We will affirm the order of the
district court.


BACKGROUND

 On December 30, 1994, Barding filed suit against the Department in the 119th
District Court of Tom Green County. The case was transferred to the 201st Judicial District Court
of Travis County on July 14, 1995. Nearly two years later, on May 20, 1997, the district court
sent Barding a notice that his case would be dismissed for want of prosecution unless a motion to
retain was filed by June 18, 1997. The notice instructed Barding to refer to the Travis County
Local Rules for the procedures regarding dismissal for want of prosecution. Barding filed his
motion to retain on June 16, 1997. Pursuant to Local Rule 11.3, once the court received the
motion to retain it issued a notice of referral to alternative dispute resolution ("ADR"). The court
issued the notice on July 9, 1997. At the bottom of the notice, written in all capital letters was the
following: "PLEASE REFER TO THE TRAVIS COUNTY DISTRICT COURT LOCAL CIVIL
RULES, CHAPTER 11 CONCERNING YOUR RESPONSIBILITIES FROM THIS POINT. 
FAILURE TO COMPLY WILL RESULT IN DISMISSAL FOR WANT OF PROSECUTION." 
Chapter 11 makes clear the movant's responsibility to contact the Travis County Dispute
Resolution Center within thirty days of filing the motion to retain, and to arrange and complete
proper ADR procedures within ninety days of filing the motion. Travis (Tex.) Civ. Dist. Ct. Loc.
R. 11.7. The Local Rules further make clear that failure to complete ADR procedures "shall
result in immediate dismissal of the case unless the court orders it retained upon motion by a party
showing good cause." Travis (Tex.) Civ. Dist. Ct. Loc. R. 11.11. Barding did not arrange any
type of ADR as called for in Chapter 11. Consequently, on November 12, 1997, the case was
dismissed for want of prosecution pursuant to Local Rule 11.11. In response, on December 12,
1997, Barding filed a motion to reinstate, which was denied by operation of law. In one point of
error, Barding appeals the denial of his motion to reinstate.


STANDARD OF REVIEW

 We review a district court's decision not to reinstate a case dismissed for failure to
prosecute under an abuse of discretion standard. Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex.
App.--Corpus Christi 1992, no writ). A trial court abuses its discretion only when it acts in an
unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). This Court may not reverse
for abuse of discretion merely because we disagree with a decision of the trial court. Id.


DISCUSSION

 In his only point of error Barding asserts that the district court abused its discretion
by not reinstating his case because his failure to go forward with the case was the result of
mistake, not conscious indifference. The standard Barding asserts comes from Texas Rule of Civil
Procedure 165a(3) which states: "[t]he court shall reinstate the case upon finding after a hearing
that the failure of the party or his attorney was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been otherwise reasonably
explained." Tex. R. Civ. P. 165a. To support his position Barding cites Burns v. Drew Woods,
Inc., 900 S.W.2d 128 (Tex. App.--Waco 1995, writ denied), and Smith v. Babcock & Wilcox
Constr. Co., 913 S.W.2d 467 (Tex. 1995). Neither of these cases, however, controls this
situation because they both involved a trial court's denial of a motion to reinstate a case dismissed
under Texas Rule of Civil Procedure 165a(3) for failure of the plaintiff to appear at a pretrial
conference. The present case, on the other hand, involves the dismissal for want of prosecution
for failure to proceed; a dismissal which the court has the authority to order as part of its inherent
powers. See Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 901 (Tex. App.--San
Antonio 1989, writ denied).

 The distinction between a case being dismissed because the plaintiff failed to appear
and a case being dismissed because the plaintiff failed to proceed is an important one. Numerous
appellate courts, including this one, have held that the standard articulated in Rule 165a(3) only
applies to failure to appear, not failure to proceed. Burton v. Hoffman, 959 S.W.2d 351, 354
(Tex. App.--Austin 1998, no pet.). The dismissal order clearly states that this case was dismissed
for failure to proceed. In the order, the court noted the long period of time the case had been
pending. We focus, therefore, not on whether the failure to go forward was the result of mistake
or conscious indifference, but rather on whether the court abused its discretion.

 There are several key facts that weigh heavily in our determination. On two
separate occasions Barding received notices from the court clearly directing him to consult Chapter
11 of the Travis County Local Rules. In the notice of court setting issued on May 9, 1997, the
language directing Barding to the Local Rules was set off with three asterisks on either side of
each line. Also, the notice of referral to ADR instructed Barding, in all capital letters, that he
should consult Chapter 11 for explanation of his responsibilities and further warned him that
failure to comply would result in dismissal for want of prosecution. The record indicates that
Barding received and read both notices. Had Barding consulted Chapter 11 as directed by the
notices he would have known of his responsibility to arrange for and undergo ADR procedures,
and that failure to do so would result in immediate dismissal of the case. Travis (Tex.) Civ. Dist.
Ct. Loc. R. 11.7, 11.3. Furthermore, even if the notices had not specifically directed Barding to
the Local Rules, a party is charged with knowledge of the local rules. Mayad v. Rizk, 554 S.W.2d
835, 839 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ denied). Consequently, claiming
ignorance of the rules, as Barding does, is ineffectual. We fail to find that the trial court abused
its discretion and overrule Barding's point of error.


CONCLUSION

 Because Barding has failed to demonstrate that the trial court abused its discretion,
we affirm the decision of the district court in overruling Barding's motion to reinstate.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 29, 1998

Do Not Publish



E="font-family: CG Times (W1) Regular">DISCUSSION

 In his only point of error Barding asserts that the district court abused its discretion
by not reinstating his case because his failure to go forward with the case was the result of
mistake, not conscious indifference. The standard Barding asserts comes from Texas Rule of Civil
Procedure 165a(3) which states: "[t]he court shall reinstate the case upon finding after a hearing
that the failure of the party or his attorney was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been otherwise reasonably
explained." Tex. R. Civ. P. 165a. To support his position Barding cites Burns v. Drew Woods,
Inc., 900 S.W.2d 128 (Tex. App.--Waco 1995, writ denied), and Smith v. Babcock & Wilcox
Constr. Co., 913 S.W.2d 467 (Tex. 1995). Neither of these cases, however, controls this
situation because they both involved a trial court's denial of a motion to reinstate a case dismissed
under Texas Rule of Civil Procedure 165a(3) for failure of the plaintiff to appear at a pretrial
conference. The present case, on the other hand, involves the dismissal for want of prosecution
for failure to proceed; a dismissal which the court has the authority to order as part of its inherent
powers. See Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 901 (Tex. App.--San
Antonio 1989, writ denied).

 The distinction between a case being dismissed because the plaintiff failed to appear
and a case being dismissed because the plaintiff failed to proceed is an important one. Numerous
appellate courts, including this one, have held that the standard articulated in Rule 165a(3) only
applies to failure to appear, not failure to proceed. Burton v. Hoffman, 959 S.W.2d 351, 354
(Tex. App.--Austin 1998, no pet.). The dismissal order clearly states that this case was dismissed
for failure to proceed. In the order, the court noted the long period of time the case had been
pending. We focus, therefore, not on whether the failure to go forward was the result of mistake
or conscious indifference, but rather on whether the court abused its discretion.

 There are several key facts that weigh heavily in our determination. On two
separate occasions Barding received notices from the court clearly directing him to consult Chapter
11 of the Travis County Local Rules. In the notice of court setting issued on May 9, 1997, the
language directing Barding to the Local Rules was set off with three asterisks on either side of
each line. Also, the notice of referral to ADR instructed Barding, in all capital letters, that he
should consult Chapter 11 for explanation of his responsibilities and further warned him that
failure to comply would result in dismissal for want of prosecution. The record indicates that
Barding received and read both notices. Had Barding consulted Chapter 11 as directed by the
notices he would have known of his responsibility to arrange for and undergo ADR procedures,
and that failure to do so would result in immediate dismissal of the case. Travis (Tex.) Civ. Dist.
Ct. Loc. R. 11.7, 11.3. Furthermore, even if the notices had not specifically directed Barding to
the Local Rules, a party is charged with knowledge of the local rules. Mayad v. Rizk, 554 S.W.2d
835, 839 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ denied). Consequently, claiming
ignorance of the rules, as Barding does, is ineffectual. We fail to find that the trial court abused
its discretion and overrule Barding's point of error.