**Edna Pearl JOHNSON, Appellant,**

v.

**J.W. CONSTRUCTION COMPANY and Ronald Dunlap, Trustee, Appellees.**

No. 2–85–236–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 24, 1986.

Steves, Leonard & Jones, Michael L. Sampson, Fort Worth, for appellant.

Ronald D. Hinds, Dallas, for appellees.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Edna Pearl Johnson and her husband, Tony G. Johnson, appeal by petition for writ of error the trial court's order dismissing, for want of prosecution, their suit to set aside the foreclosure of their homestead, and also appeal the trial court's order overruling their motion for reinstatement.

We affirm, because we find that the face of the record does not reflect that the trial court abused its discretion either in dismissing the cause for want of prosecution or in overruling the motion for reinstatement.

In point of error number one, the Johnsons urge that the trial court abused its discretion in dismissing the cause for want of prosecution.

The trial court has an inherent right to dismiss a cause for want of prosecution if a party fails to prosecute it with due diligence. *McCormick v. Shannon West Texas Mem. Hosp.*, 665 S.W.2d 573, 575 (Tex.App.—Austin 1984, writ ref'd n.r. e.); *State v. Beever Farms, Inc.*, 549 S.W.2d 223, 225 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). The Johnsons recognize the trial court's right, but they

assert that the trial court failed to give them notice of the dismissal. Since this matter is here before us by writ of error, the Johnsons are limited to relying solely on those errors which appear on the face of the record. *Brown v. McLennan County,* 627 S.W.2d 390, 392 (Tex.1982). The record in this cause does not reflect that this dismissal for want of prosecution was ordered without notice to the Johnsons. The lack of notice was asserted by the Johnsons in their "Plaintiff's Motion for New Trial and Second Motion to Reinstate Dismissed Case." The record reflects that there was a hearing on the motion, but we are not presented with a statement of facts of that hearing. Since the alleged lack of notice is not apparent from the face of the record, nothing is presented for review. *Canavan v. Truss-Tex Component Company,* 511 S.W.2d 318, 320 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

As further argument, the Johnsons assert that the trial court abused its discretion because the record reflects that they did not lack due diligence in the prosecution of this cause. This cause was filed on October 9, 1979. The cause was dismissed for want of prosecution by the trial court on March 29, 1985, more than five years later. The record does not reflect that any action was taken in this cause from October 1980, until September 1982, at which time the Johnsons requested a December 1982, trial setting. The record reflects that the cause was set for dismissal for want of prosecution for July 25, 1983. The cause was removed from the dismissal docket after assurance by counsel for the Johnsons that it would be disposed of by trial or otherwise on or before July 24, 1984.

In January 1984, J.W. Construction Company served three interrogatories on the Johnsons. The Johnsons had not answered these interrogatories at the time this cause was dismissed for want of prosecution.

The record further reflects that the Johnsons requested a setting for October 1984 and April 1985.

The Johnsons assert that additional settings were obtained, including two in 1981, three in 1982, two in 1983, and two in 1984. They assert that since 1981 the case had been set ten times and that they had announced ready for trial seven times, not ready once in 1981, and that there had been two agreements to pass the case. These assertions as to additional settings are not apparent from the face of the record, as they appear only in an affidavit of the clerk and, perhaps by inference, in the court's docket.

■ This court has previously held, in a similar case, that it is improper to introduce evidence in this court by way of affidavits placed in the transcript. *Wichita Building Corporation v. Lenz,* 458 S.W.2d 829, 830 (Tex.Civ.App.—Fort Worth 1970, no writ). Although what appears to be several dates may be seen at the bottom of the court's docket sheet, there is nothing properly in the record which would support the Johnsons' assertion that these dates constituted settings which they had obtained.

■ The Johnsons assert that the trial court abused its discretion because they had obtained an April trial setting for the case, a short time after the trial court dismissed the cause for want of prosecution. They urge that the dismissal constituted an abuse of discretion in view of the setting obtained. They rely on the cases of *Moore v. Armour & Co., Inc.,* 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ); *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.,* 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); and *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948, 954 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.) (opinion on reh'g). In *Moore,* the court made the following statement:

Where, however, at the time of the dismissal hearing the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution. *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948, 954 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *see also Wm. T. Jarvis Co. v. Wes-Tex Grain Co.,*

548 S.W.2d 775, 778 (Tex.Civ.App.— Waco 1977, writ ref'd n.r.e.).

In this case, Moore had announced ready, secured a trial setting and, as this record affirmatively reflects, stood ready to go to trial when his case was dismissed. We conclude that a dismissal under those circumstances is an abuse of discretion.

*Moore,* 660 S.W.2d at 578. Previously, the court had acknowledged that in resolving the question of whether the cause should be dismissed for want of prosecution, the trial court is entitled to consider the entire history of the case. In Tarrant County, local rules provide that settings are obtained by mailing a letter requesting a setting to the clerk. If a dismissal for want of prosecution were always an abuse of discretion when a setting had been obtained, a plaintiff, even if he had displayed a lack of diligence for years, could defeat a threatened dismissal for want of prosecution merely by obtaining a setting at the last minute. Such a rule would defeat the trial court's right to consider the entire history of the cause in determining whether or not it should be dismissed for want of prosecution. In *Rorie,* the court recited a detailed litany showing the plaintiff's prosecution of the cause during an eight-month period preceding the dismissal. We do not have such a detailed litany in this cause in any portion of the record which we may consider in this writ of error proceeding. Finally, in *Wm. T. Jarvis Co.,* the record showed efforts of the plaintiff to prepare for trial for several months before the dismissal. Additionally, the plaintiff had obtained a preferential setting for the case. The record which we may consider in this writ of error proceeding does not reflect any such diligent efforts on the part of the Johnsons to prepare for trial. It merely reflects one request for a setting in October 1984 and one in April 1985. The April setting was not a preferential setting. We do not agree with the Johnsons that the trial court necessarily abused its discretion merely because they requested a trial setting which was for a short time after the cause was dismissed for want of prosecution.

■ The Johnsons also urge that the trial court abused its discretion in dismissing the cause since Mrs. Johnson was incapacitated several times during the pendency of the cause. They rely on the case of *Kuykendall v. Spicer,* 643 S.W.2d 776, 777–78 (Tex.App.—San Antonio 1982, no writ). In that case there was a bill of exceptions which contained evidence showing that delay in prosecution was caused by the plaintiff's medical condition. In the case at bar, there is no evidence of Edna Johnson's medical condition in the portion of the record which we may consider in this writ of error proceeding. We hold that the Johnsons have failed to show on the face of the record that the trial court abused its discretion in dismissing this cause for want of prosecution. We overrule point of error number one.

■ In point of error number two, the Johnsons assert that the trial court abused its discretion by overruling its motion for reinstatement. We are not presented with a statement of facts from any hearing on the motion for reinstatement. For that reason and for the reasons stated with respect to point of error number one, the Johnsons have failed to demonstrate any error of the trial court apparent from the face of the record in overruling their motion for reinstatement. We overrule point of error number two.

■ In point of error number three, the Johnsons assert that the trial court erred in failing to file findings of fact and conclusions of law. It is unclear from the Johnsons' motion and accompanying brief whether they are seeking these findings with respect to the dismissal for want of prosecution or with respect to any hearing on their motion to reinstate. TEX.R. CIV.P. 296 provides that the judge is to state in writing his findings of fact and conclusions of law, "[i]n any case tried in the district or county court without a jury." Request for the conclusion is to be filed within ten days after the final judgment is signed. We interpret this to mean that

such findings are to be filed upon proper request only after a nonjury trial, and that the rule is not applicable to postjudgment hearings. *See* Hughes, *Procedure—Overruling Motion for a New Trial—Findings of Fact,* 28 TEXAS L.REV. 876, 876–77 (1950). Therefore, the trial court was correct in not filing his findings since there was not a nonjury trial conducted and because the rule mandating such a finding is not applicable to postjudgment proceedings. We overrule point of error number three.

In a supplemental brief, the Johnsons urge that it was improper for the trial court to dismiss this cause for want of prosecution, at a time prior to. the date from which they had requested a trial setting because TEX.R.CIV.P. 247 provides that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party." The Johnsons' contention relies on their assertion that the dismissal for want of prosecution was conducted without notice to them. As we have previously discussed, such lack of notice is not reflected on the face of the record. We overrule point of error number four.

The court's orders dismissing this cause for want of prosecution and overruling motion for reinstatement are affirmed.