R. Lowell PHILLIPS and Worley
Geological Services, Inc.,
Appellants,

v.

Carl D. BEAVERS, Individually and in his capacity as Agent, Officer, Director or Stockholder of all Defendant Corporations; Larry E. Ramey, Individually and in his capacity as Agent, Officer, Director or Stockholder of all Defendant Corporations; John L. Arnold, Individually and in his capacity as Agent, Officer, Director or Stockholder of all Defendant Corporations; Great West Energy, Inc.; Great West Operating Company, Inc.; and Great West Exploration, Inc., Appellees.

No. 2–95–084–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1995.

Rehearing Overruled Oct. 5, 1995.

Carl David Adams and C. Sellers "Sandy" Aycock, III, Dallas, for appellant.

Mitchell Madden, Dallas, for appellee.

Before DAUPHINOT, RICHARDS and BRIGHAM, JJ.

## OPINION ON DISMISSAL

PER CURIAM.

This is an appeal from the trial court's dismissal of the underlying action for want of prosecution. Before the court is appellants' motion for extension of time to file appellate record and appellees' motion to dismiss. For the reasons set forth below, we overrule appellants' motion for extension of time and grant appellees' motion to dismiss.

On June 26, 1995, appellees filed their motion to dismiss claiming that because the appellate record was not timely filed and appellants did not file a timely motion for extension of time, this appeal should be dismissed under rule 54(a) of the Texas Rules of Appellate Procedure.

On July 7, 1995, appellants filed their motion for extension of time to file the appellate record asserting that their request in the trial for findings of fact and conclusions of law following an evidentiary hearing on appellees' motion to dismiss for want of prosecution extended the appellate timetable so that the record was timely filed. Alternatively, appellants request a discretionary extension of time from this court under rule 54(c) of the Texas Rules of Appellate Procedure.

The following procedural history is pertinent to our decision:

On October 26, 1994, an evidentiary hearing was held in the trial court on appellees' motion to dismiss for want of prosecution. In an order signed on December 8, 1994, the motion to dismiss for want of prosecution was denied. The trial court judge who denied the motion retired at the end of 1994 and was succeeded by a new judge. Thereafter, appellees filed a motion for reconsideration of their motion to dismiss for want of prosecution, which was considered by the new trial court judge at a January 23, 1995 hearing. In a final order of dismissal signed by the new trial court judge on February 1, 1995, the case was dismissed for want of prosecution.

On February 10, 1995, appellants filed their request for findings of fact and conclusions of law. On February 27, 1995, appeal bonds for each appellant were filed in the trial court, thus perfecting their appeal and giving this court jurisdiction. *See* Tex. R.App.P. 41(a)(1). The appellate record (the transcript and statement of facts) was received and filed by the clerk of this court on May 4, 1995, ninety-two days after the final order of dismissal was signed. On June 21, 1995, appellants filed their brief on the merits of this appeal. The parties' motions at issue in this opinion followed. Finally, in a July 13, 1995 order, this court granted leave for the filing of a supplemental transcript no later than July 28, 1995.

The appellate record normally must be filed in the court of appeals within sixty days after the judgment is signed. Tex.R.App.P. 54(a). Rule 54(a) extends the time for filing the record to 120 days after the judgment is signed if any party timely files a motion for new trial or a motion to modify the judgment, or if any party timely files a request for findings of fact and conclusions of law in a case "tried without a jury." *Id.* Rule 54(a) finally provides that an untimely filed record is grounds for dismissing the appeal. *Id.*

In this case, the sixtieth day after the final order of dismissal was April 2, 1995, a Sunday. Accordingly, unless this was a case "tried without a jury," the record was due by April 3, 1995. Although appellants filed their appeal bonds within *thirty* days of the final order of dismissal, *see* Tex.R.App.P. 41(a)(1), the record was not filed until ninety-two days after the dismissal. Whether the record was timely filed thus hinges on whether this was a case "tried without a jury" and appellants' request for findings of fact and conclusions of law extended the appellate timetable so that the record was due on June 1, 1995.

We are guided primarily by three opinions: *Johnson v. J.W. Constr. Co.*, 717 S.W.2d 464, 467–68 (Tex.App.—Fort Worth 1986, no writ) dismissal for want of prosecution in a case tried without a jury; findings and conclusions only required after a nonjury trial); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994) (supreme court held that request for findings of fact and conclusions of law did not extend appellate timetable after summary judgment had been granted); and *IKB Indus. (Nigeria), Ltd. v. Pro–Line Corp.*, 901 S.W.2d 568 (Tex.App.—Dallas 1995, writ filed) (in death penalty sanctions case, request for findings of fact and conclusions of law did not extend appellate timetable).

Because an evidentiary hearing was held in the trial court on the motion to dismiss for want of prosecution, appellants argue that their case was "tried" and that their request for findings of fact and conclusions of law extended the appellate timetable. Appellants rely on dicta in a recent El Paso decision, *Chavez v. Housing Auth. of City of El Paso*, 897 S.W.2d 523 (Tex.App.—El Paso 1995, n.w.h.), which involved precisely the same issue in *Linwood*. Based on *Linwood*, the El Paso court reversed its earlier decision and held that it lacked jurisdiction. In

256

doing so, the court stated that in cases that are disposed of by an evidentiary hearing where the court resolves disputed issues of fact, a case has been "tried" and a request for findings of fact and conclusions of law would extend the appellate timetable. *Id.* at 525.

We decline to follow the dicta in *Chavez.* In *Johnson* we have already determined that a dismissal for want of prosecution is not a "case tried without a jury" and that findings of fact and conclusions of law are not required. 717 S.W.2d at 467–68. Given our holding in *Johnson,* the *Linwood* and *IKB* decisions compel us to hold that appellants' request for findings of fact and conclusions of law did not extend the appellate timetable and that the appellate record was not timely filed.

An extension of time for late filing of the record may be granted, but the motion for extension of time must be filed no later than fifteen days after the last date for filing the record. TEX.R.APP.P. 54(c). Because we have determined that appellants' request for findings of fact and conclusions of law did not extend the appellate timetable, the record was due April 3, 1995, and any motion for extension of time was due no later than fifteen days thereafter. Appellants did not file their motion for extension until July 7, 1995, therefore, their motion was untimely. And contrary to appellants' assertion, this court cannot grant an untimely motion for extension and cannot accept the record after the time for filing it and the time for filing a motion for extension have both expired. *Texas Instruments, Inc. v. Teletron Energy Management, Inc.,* 877 S.W.2d 276, 278 (Tex. 1994). The fifteen-day deadline in rule 54(c) is not discretionary. Even though the record was filed in this court, we have no authority to consider an untimely filed record. *Id.;* TEX.R.APP.P. 54(a).

We overrule appellants' motion for extension of time and grant appellees' motion to dismiss. This appeal is dismissed under rule 54(c).