### R. Lowell PHILLIPS and Worley Geological Services, Inc., Petitioners,

### v.

### Carl D. BEAVERS, John L. Arnold, Larry Ramey, Great West Energy, Inc., Great West Operating Company, Inc. and Great West Exploration, Inc., Respondents.

### No. 95–1104.

### Supreme Court of Texas.

### Jan. 31, 1997.

Carl David Adams, C. Sellers Aycock, Dallas, for petitioners.

Mitchell Madden, Thomas V. Murto, III, Dallas, for respondents.

PER CURIAM.

■ The sole question in this case is whether a request for findings of fact and conclusions of law extends the time for filing the appellate record under Rule 54(a) of the Texas Rules of Appellate Procedure if the case is dismissed for want of prosecution. The court of appeals dismissed the appeal. 906 S.W.2d 254. We hold that the time for filing the record was extended because the dismissal was based on an evidentiary hearing.

On January 10, 1983, R. Lowell Phillips, George T. Worley, Jr. and Worley Geological Services, Inc. filed this suit against Carl D. Beavers and others seeking more than $6 million actual damages and $18 million exemplary damages relating to interests in certain oil and gas properties. Twelve years later, on February 1, 1995, after an evidentiary hearing, the district court dismissed the suit for want of prosecution. The order recites that the court considered the testimony at the evidentiary hearing in finding that plain-

tiffs had failed to exercise due diligence in prosecuting the case. Nine days later Phillips and Worley Geological requested the court's factual findings and legal conclusions. Phillips and Worley Geological each filed a cost bond to perfect appeal twenty-six days after the order of dismissal was signed. George Worley did not appeal. The transcript and statement of facts were filed ninety-two days after the dismissal order was signed.

Rule 54(a) provides in part:

The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or, if a timely motion for new trial or to modify the judgment has been filed by any party, or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury, within one hundred twenty days after the judgment is signed.

If Phillips and Worley Geological's request for findings extended the deadline for filing the record, it was timely filed; if the request did not extend the filing deadline, the record was late.

 In *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (per curiam), also decided today, we held that "[a] timely filed request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court." We determined that this rule was consistent with the purpose of Rule 41 by allowing time for findings to be made when they may be useful for appellate review. *Id.* at 442. An example included "any judgment based in any part on an evidentiary hearing." *Id.* at 443. The same rule should apply in determining the deadlines for filing the appellate record under Rule 54(a). Consistently, we hold that a timely filed request for findings of fact and conclusions of law extends the deadline for filing the appellate record under Rule 54(a) when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court.

Although the district court appears to have based its decision largely on the filings in the transcript and the argument of counsel, it also expressly considered live testimony. Applying the rule we have adopted, we hold that Phillips and Worley Geological's request for findings and conclusions extended the deadline for filing the appellate record under Rule 54. The court of appeals therefore erred in dismissing the appeal.

Accordingly, the Court grants petitioners' application for writ of error and, without hearing argument, reverses the judgment of the court of appeals and remands the case to that court for a consideration of other issues raised. TEX.R.APP. P. 170.

BAKER, J., dissents for reasons stated in his dissenting opinion issued this date in *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 443.