GENE DUKE BUILDERS,
INC., Petitioner,

v.

ABILENE HOUSING AUTHORITY,
Respondent.

No. 03–0710.

Supreme Court of Texas.

March 5, 2004.

James D. Norvell, Norvell & Associates, Dallas, and Donald M. Hunt, Lawrence Matthew Doss, Mullin Hoard & Brown, L.L.P., Lubbock, for Petitioner.

Billy W. Boone, Boone Law Office, Sharon E. Hicks, City Attorney, and Megan Robbins Santee, Abilene, for Respondent.

PER CURIAM.

The issue in this case is whether Gene Duke Builders, Inc. (Duke) extended its time for filing a notice of appeal under Rule 26.1 of the Texas Rules of Appellate Procedure by making a request for findings of fact and conclusions of law after the trial court granted Abilene Housing Authority's (Abilene) plea to the jurisdiction. The court of appeals held that the request did not extend the appellate deadline and dismissed the appeal for want of jurisdiction. —— S.W.3d ——, 2003 WL 21047996. We disagree and hold that Duke's time for filing a notice of appeal was extended because the findings of fact and conclusions of law filed by the trial court were based on an evidentiary hearing.

Duke and Abilene were involved in a construction contract dispute, and Duke, pursuant to provisions in the contract, demanded arbitration. Abilene refused, and Duke brought this suit to compel arbitration. The trial court initially ordered the parties to submit to arbitration, but after a hearing, it granted Abilene's motion to dismiss for lack of subject matter jurisdiction based on the conclusion that Duke was first required to bring a claim under the

administrative procedure outlined in chapter 2260 of the Government Code.

The trial court dismissed the case on May 28, 2002. Duke filed a request for findings of fact and conclusions of law on June 17, 2002, and the trial court entered those findings on July 10, 2002. Duke then filed its notice of appeal on August 22, 2002, eighty-five days after the case was dismissed.

> Rule 26.1 provides in part:
> The notice of appeal must be filed within 30 days after the judgment is signed, except ... the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files ... a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court.

Tex.R.App. P. 26.1. The purposes of extending the deadline to file a notice of appeal are to give the trial court time to state the basis for its judgment so that a party may determine whether to appeal and to provide the court of appeals with a useful tool for appellate review. *IKB Indus. v. Pro–Line Corp.*, 938 S.W.2d 440, 443 (Tex.1997). Findings of fact and conclusions of law are required upon request in any case tried in the district or county court without a jury. Tex.R. Civ. P. 296.

The court of appeals expressly held that no evidentiary hearing occurred in this case. —— S.W.3d ——, 2003 WL 21047996. We disagree. Although Duke made no formal offer of evidence at the hearing on the plea to the jurisdiction, it submitted a deposition, affidavits, and exhibits attached to its pleadings showing that Abilene identified itself as part of the City of Abilene. Duke then used this evidence to argue that Abilene was a municipality and therefore not subject to chapter 2260 of the Government Code. *See* Tex. Gov't Code § 2260.001(4). Furthermore, the trial court's dismissal order explained that "after reviewing the pleadings and considering the arguments of counsel and after giving both parties time to submit additional materials and considering the same," it concluded that the plea should be granted.

Because the trial court took evidence and because the trial court's findings "could properly be considered by the appellate court," the time for filing notice of appeal was extended. Tex.R.App. P. 26.1.; *see Phillips v. Beavers*, 938 S.W.2d 446, 447 (Tex.1997) (per curiam) (similarly holding that the appellate timetable was extended because the requested findings of fact and conclusions of law could be useful for appellate review).

Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Duke's petition for review and, without hearing argument, reverses the judgment of the court of appeals and remands the case to that court for a consideration of the other issues raised.