Affirmed and Memorandum Opinion filed July 1, 2004









Affirmed
and Memorandum Opinion filed July 1, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00340-CV

____________

 

GERALD D.
ADDINGTON AND WILLIAM B. SCHAEFFER, JR., Appellants

 

V.

 

LYNNDA M.
ADDINGTON,
Appellee

 



 

On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause No. 02-05696

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Gerald D. Addington and
William B. Schaeffer, Jr., appeal from the trial court=s award of
attorneys= fees to Lynnda Addington after Gerald
filed a nonsuit in his declaratory judgment action against her.[1]  In three issues, appellants contend that the
trial court erred in (1) failing to file findings of fact and conclusions of
law, (2) assessing attorneys= fees against
them, and (3) determining the amount of fees awarded.  We affirm.

 








Background

The underlying dispute began in 1990 as a
divorce proceeding between Gerald and Lynnda Addington.  Schaeffer filed the current lawsuit on behalf
of Gerald, seeking declaratory judgment regarding rights created under the
divorce decree, as well as a temporary restraining order and temporary and
permanent injunctions to prevent seizure and foreclosure of Gerald=s property.  In her trial pleadings and appellate brief, Lynnda contends
that Gerald=s lawsuit was an attempt to
collaterally attack the results of a federal bankruptcy proceeding, in which
she was awarded $300,000 based on the divorce decree.  She further maintains that appellants failed
to apprise the Texas state court of the bankruptcy proceedings.

The trial court initially granted the
TRO.  After Lynnda filed a motion to
dismiss and dissolve the TRO and a motion for summary judgment, the TRO was
lifted, and Gerald filed a nonsuit as to his claims.  In its final order, the trial court awarded $5,525 in attorneys= fees to Lynnda, for the services of
her two attorneys, to be paid both by Gerald and Schaeffer.  The trial court based the award alternatively
under section 37.009 of the Declaratory Judgments Act and as a sanction under
Rule 13.  Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997); Tex. R. Civ. P. 13.[2]

Findings of Fact








In their first issue, appellants contend
that the trial court erred in failing to file findings of fact and conclusions
of law, and they request that this appeal be abated until the trial court so
acts.  The trial court entered its AFinal Order and
Award of Attorneys= Fees@ on December 3,
2002.  Appellants filed a combined motion
to reconsider and motion for new trial on December 18, 2002, and subsequently
filed an amended combined motion to reconsider and motion for new trial on
March 13, 2003.  On March 26, 2003, the
trial court denied the amended motions. 
On April 4, 2003, appellants filed their request for findings of fact
and conclusions of law.

In the request, appellants do not specify
on which of the trial court=s orders they
sought findings of fact and conclusions of law. 
In regard to the court=s AFinal Order and
Award of Attorneys= Fees,@ which was
effectively the final judgment, the request was untimely because it was not
made within twenty days of the date the order was signed.  See Tex.
R. Civ. P. 296.  The filing of the
motions for new trial and for reconsideration did not toll the deadline for
requesting findings of fact and conclusions of law regarding the final
judgment.  See Lute Riley Motors, Inc.
v. T. C. Crist, Inc., 767 S.W.2d 439, 440 (Tex. App.CDallas 1988, writ
denied).

Regarding the court=s order denying
the amended motions, the rules do not require a court to issue findings of fact
and conclusions of law after denial of a motion for new trial or for
reconsideration.  See Puri v.
Mansukhani, 973 S.W.2d 701, 707-08 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  If an evidentiary
hearing is undertaken, the court may make findings of fact and
conclusions of law, but it is not mandatory for it to do so.  Id. 
Here, appellants do not suggest, and the record does not reflect, that
an evidentiary hearing took place on the amended motions.  The trial court did not err in failing to make
findings of fact and conclusions of law. 
See id.  Accordingly,
appellants= first issue is overruled.

Attorneys= Fees








In their second issue, appellants contend
that the trial court erred in awarding attorneys= fees because (1)
Lynnda=s answer did not
include a request or counterclaim for attorneys= fees, (2) Gerald
filed a motion for nonsuit before the trial court awarded the fees, and (3) in
the absence of either a motion for sanctions or a hearing, there is no evidence
on which the trial court could have determined that Gerald=s pleadings were
sanctionable.  As mentioned above, the
trial court awarded attorneys= fees
alternatively under section 37.009 of the Declaratory Judgments Act and as a
Rule 13 sanction.  We will examine this
issue under Rule 13.  We will not set aside a Rule 13 sanctions
order unless a clear abuse of discretion is shown.  Mattly v. Spiegel, Inc., 19 S.W.3d
890, 895 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

Appellants first argue that Lynnda=s answer did not
include a request or counterclaim for attorneys= fees.  Appellants, however, cite to no authority
requiring a request for sanctions to be included in a defendant=s answer.  Generally, before sanctions may be imposed
against a party or an attorney, he or she is entitled to notice of the
procedural basis for the potential sanctions. 
Bradt v. Sebek, 14 S.W.3d 756, 763 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied); Hawkins v. Estate of Volkmann, 898 S.W.2d
334, 346 (Tex. App.CSan Antonio 1994, writ denied).  Here, while Lynnda did not include a request
for sanctions in her answer, she did file an AEmergency Motion
to Dismiss and Dissolve Temporary Restraining Order With Request For Sanctions,@ which included a
specific request that the court impose Rule 13 sanctions against Gerald and his
attorney for filing frivolous pleadings. 
Appellants do not discuss this request in their brief, and there is
nothing in the record to indicate that it was not a pending request at the time
the court entered its order. 
Accordingly, sufficient pleadings were on file to support the sanctions
award.

Appellants next argue that the trial court
was without authority to impose sanctions after they filed a notice of
nonsuit.  Rule 162, governing dismissals
and nonsuits, states: AAny dismissal pursuant to this rule shall
not prejudice the right of an adverse party to be heard on a pending claim for
affirmative relief [, and shall] have no effect on any motion for sanctions,
attorney=s fees or other
costs, pending at the time of dismissal . . . .@  Tex.
R. Civ. P. 162.  Here, Lynnda=s request for
sanctions was pending at the time the nonsuit was filed.  Accordingly, the trial court had authority to
impose sanctions despite the nonsuit.  See
Miller v. Armogida, 877 S.W.2d 361, 364 (Tex. App.CHouston [1st
Dist.] 1994, writ. denied).[3]








Lastly under this issue, appellants
contend that, absent either a motion for sanctions or a hearing, there was no
evidence presented on which the trial court could have determined that
appellants= pleadings were sanctionable.  As discussed above, the record reflects that
a request for sanctions was on file when the trial court entered its order;
thus, the first part of appellants= argument is based
on an erroneous premise.  Regarding the
hearing, appellee states in her brief that there was an unrecorded hearing on
October 4, 2002.  Indeed, the record
contains the hearing notice and several other documents referencing a hearing
set on that date, including the court=s order, wherein
it states: AOn the 4th day of October, 2002, came on
to be heard Defendant Lynnda M. Addington=s Motion for Summary
Judgment or Dismissal . . . seeking relief in the form of sanctions . . . .@[4]  Thus, the record supports the conclusion that
a hearing took place regarding sanctions.[5]








Furthermore, appellants= argument in the trial
court was not that there was no hearing but that there was no evidentiary
hearing.  In Gene Duke Builders, Inc.
v. Abilene Housing Authority, 47 Tex. Sup. Ct. J. 345, 2004 WL 422592 (Tex.
March 5, 2004) (per curiam), the Texas Supreme Court held that a hearing was
evidentiary in nature, even though there was no formal offer of evidence,
because the court considered a deposition, affidavits, and exhibits attached to
pleadings.  Id. at *1.  Here, Lynnda=s request for
sanctions and her motion for summary judgment, which were on file at the time
of the hearing, both had numerous documents attached relating to prior
proceedings between the parties.[6]  Lynnda argued in her request for sanctions
that Gerald=s petition was frivolous because it
improperly sought to circumvent the bankruptcy court proceedings and did not
disclose those proceedings to the Texas court. 
Because the October 4 hearing was not recorded, we cannot know whether
the documents were formally admitted into evidence.  Regardless, whether the documents were
admitted or the court judicially noticed them, it is clear that there was some
evidence before the court regarding the Rule 13 sanctions allegations.  Thus, appellants= last argument
under this issue, that there was no evidence presented regarding sanctions, is
without merit.[7]

In sum, appellants have failed to show the
trial court abused its discretion in awarding attorneys= fees as sanctions
under Rule 13.  See Mattly, 19
S.W.3d at 895.  Accordingly, their second
issue is overruled.

Amount of Award








In their third issue, appellants contend
that the trial court abused its discretion in determining the amount of fees
because (1) the affidavit supporting the motion for sanctions did not itemize
the amount billed for each particular work item nor did it say who performed
each item, and (2) the amount of work required by the case did not justify the
amounts awarded.  Regarding the first
argument, that the work was not itemized, appellants cite no authority
suggesting that itemization is required in support of a request for attorney=s fees.  See generally Arthur Andersen & Co. v.
Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (listing factors to be
considered in determining the reasonableness of attorney=s fees).  Generally, fees do not have to be itemized
absent a need to segregate fees incurred for work on different clients or
claims.  See Burnside Air Conditioning
& Heating, Inc. v. T.S. Young Corp., 113 S.W.3d 889, 898 (Tex. App.CDallas 2003, no
pet.).  Here, appellants do not claim
that there was any identifiable need for segregation between clients or
claims.  Further, contrary to appellants= allegation that
the affidavit does not specify which attorney worked on each item, the
affidavit does in fact state the work items performed by each attorney.[8]

Lastly, regarding the contention that the
amount of work did not justify the amounts awarded, Lynnda presented the court
with an affidavit from one of her attorneys in which he detailed the work that
was done in the case, the hours required, the billing rates, and the total fees
charged by each attorney.  The affiant
further stated he had been a licensed attorney in Texas since 1978 and was
familiar with legal fees in Houston and Texas for such representation and that
the amounts listed were reasonable and necessary for the services
rendered.  The affidavit is clear,
positive, direct, and was not controverted by any other evidence or the
circumstances of the case.  Accordingly,
appellants have no basis on which to challenge the reasonableness of the fees
on appeal.  See Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990); Schwartz v.
Pinnacle Communications, 944 S.W.2d 427, 434-35 (Tex. App.CHouston [14th
Dist.] 1997, no writ).  Appellants= third issue is
overruled.

The trial court=s judgment is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 1, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  Schaeffer is
the attorney who represented Gerald in the trial court.





[2]  In its order,
the trial court specified section 37.009 but did not specify the authority
under which it imposed sanctions; however, in their briefs, both parties agree
that the sanctions were imposed under Rule 13.





[3]  Appellants
cite Mainland Savings Association v. Wilson, 545 S.W.2d 491 (Tex. App.CHouston [1st Dist.] 1976, no writ), for the
proposition that if a nonsuit is filed before the court announces its decision,
no action could be taken on a request for sanctions.  In that case, the appellate court held only
that the trial court erred in ruling on the merits of the plaintiff=s underlying claims after the plaintiff filed a
nonsuit.  Id. at 493.  The case did not involve a request for
sanctions.  Thus, it is does not support
the proposition for which appellants cite it. 
Additionally, this case was decided before language was added to the
rule to expressly state that there is no effect on a pending motion for
sanctions.





[4]  The AMotion for Summary Judgment or to Dismiss or to
Abstain@ did not specifically request Rule 13 sanctions, but
it did (1) request attorneys= fees, (2) allege Gerald=s
petition was frivolous, and (3) reference the prior motion to dismiss and
request for Rule 13 sanctions.





[5]  We generally
presume that missing portions of a record support the trial court=s judgment.  City
of Brenham v. Honerkamp, 950 S.W.2d 760, 774 (Tex. App.CAustin 1997, writ denied).





[6]  The attached
documents included the
original divorce decree, the bankruptcy court judgment, the bankruptcy
settlement agreement, the bankruptcy
court=s order of sale, the order of the United States
District Court affirming the bankruptcy court=s
decision, the judgment and mandate of the Fifth Circuit Court of Appeals
dismissing the appeal, and an affidavit by one of Lynnda=s attorneys.





[7]  Appellants
make no specific arguments regarding the sufficiency of the evidence to support
the sanctions award.





[8]  It is true
that the same proceedings and documents were listed for each of Lynnda=s attorneys, but clearly more than one attorney can
attend a proceeding or prepare a pleading.