MEMORANDUM OPINION

 

No. 04-09-00658-CV

 

Juan Carlos SOLIS
and Roberto Ruiz,

Appellants

 

v.

 

CITY OF EAGLE
PASS, TEXAS,

Appellee

 

From the 365th
Judicial District Court, Maverick County, Texas

Trial Court No. 07-12-23119
MCVAJA

Honorable Amado J.
Abascal, III, Judge Presiding

 

Opinion by:   Catherine Stone, Chief Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and Filed:  October 13, 2010

 

AFFIRMED

 

           Juan
Carlos Solis and Roberto Ruiz appeal the trial court’s order granting the plea
to the jurisdiction filed by the City of Eagle Pass, Texas.  Solis and Ruiz
contend the trial court erred in granting the plea because the employment
contract they had with the City waived the City’s sovereign immunity or,
alternatively, the employment contract is a services contract for which
immunity is waived under section 271.151, et al. of the Texas Local
Government Code.  Because we conclude no employment contract existed, we affirm
the trial court’s order.

           This
court carried the City’s second motion to dismiss for lack of appellate
jurisdiction with this appeal.  In the motion, the City argues that the notice
of appeal filed by Solis and Ruiz was untimely because their request for
findings of fact and conclusions of law did not extend the appellate
deadlines.  Under the facts and circumstances presented in this case, we
disagree.

           The deadline
for filing a notice of appeal is extended if any party timely files a request
for findings of fact and conclusions of law “if findings and conclusions either
are required by the Rules of Civil Procedure or, if not required, could
properly be considered by the appellate court.”  Tex. R. App. P. 26.1(a)(4); see also IKB Industries
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997).  The
Texas Supreme Court has stated that a request for findings of fact and
conclusions of law does not extend appellate deadlines when a case is dismissed
for want of jurisdiction without an evidentiary hearing; however, if a trial
court grants a plea to the jurisdiction after an evidentiary hearing, such a
request will extend the deadlines.  Compare IKB Industries (Nigeria) Ltd.,
938 S.W.2d at 443 (deadlines not extended if case dismissed without evidentiary
hearing), with Gene Duke Builders, Inc. v. Abilene Housing Authority,
138 S.W.3d 907, 908 (Tex. 2004) (deadlines extended where plea granted after
evidentiary hearing); see also Bland Ind. Sch. Dist. v. Blue, 34 S.W.3d
547, 555 (Tex. 2000) (noting trial court deciding a plea to the jurisdiction
must consider evidence when necessary to resolve the jurisdictional issue
raised).  Accordingly, because Solis and Ruiz are appealing an order granting
the City’s plea to the jurisdiction, their request for findings of fact and
conclusions of law would extend the appellate deadline only if the trial court
held an evidentiary hearing.

           One
of the issues presented at the hearing before the trial court was whether an
employment contract existed between the parties.  Generally, whether a contract
exists between parties is a question of fact; however, in some cases, a court
may decide the fact question as a matter of law.  See Foreca, S.A. v. GRD
Development Co., 758 S.W.2d 744, 746 (Tex. 1988); Advantage Physical
Therapy, Inc. v. Cruse, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.]
2005, no pet.); see also Texas Southern Univ. v. State Street Bank &
Trust Co., 212 S.W.3d 893, 902 (Tex. App.—Houston [1st Dist.] 2007, pet.
denied) (noting plea to jurisdiction must be denied where the State contends
that it is immune on the basis of a contract dispute but where fact issues
exist regarding the existence of a contract).  The City attached fifteen
documents to its plea, asserting they were “a set of authenticated and
admissible exhibits.”  One of these documents was the City’s Personnel Rules
and Regulations, which Solis and Ruiz heavily rely on in asserting an
employment contract existed.  Similarly, Solis and Ruiz attached a number of
exhibits to their response to the City’s plea.  

A
second issue presented at the hearing was whether immunity was waived even if
the trial court found an employment contract existed.  At the hearing, the
City’s attorney asserted that the existence of a contract would not waive
immunity absent an express waiver and the contract could not be considered a
contract for which immunity was waived under chapter 271 of the Local
Government Code.

The
trial court’s order states that the trial court considered the plea, the
responses, the contents of the Court’s file, and the arguments and authorities
presented by counsel.  The trial court’s order does not, however, state the
basis on which the trial court granted the City’s plea.  As a result, the trial
court could have found that a contract existed based on the evidence presented,
but the trial court could have determined that the contract did not waive the
City’s immunity.  Because the trial court considered evidence in resolving the
issue regarding the existence of the contract and because the findings and
conclusions could have a purpose or would be a useful tool for appellate review
under the circumstances presented, we conclude that the request for findings of
fact and conclusions of law in this case extended the appellate deadlines.  See
Gene Duke Builders, Inc., 138 S.W.3d at 908; Phillips v. Beavers,
938 S.W.2d 446, 447 (Tex. 1997).  Accordingly, the City’s second motion to
dismiss for lack of appellate jurisdiction is denied.

We
next consider whether an employment contract existed between the parties. 
Given the existing precedent, we will not belabor this point.  “For well over a
century, the general rule in this State, as in most American jurisdictions, has
been that absent a specific agreement to the contrary, employment may be
terminated by the employer or the employee at will, for good cause, bad cause,
or no cause.”  Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501,
502 (Tex. 1998).  “As a general rule employee handbooks and policy manuals
constitute general guidelines in the employer/employee relationship and do not
create implied contracts between the employer and employee.”  Brown v.
Sabre, Inc., 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.). 
“[S]tatements that an employee will be discharged only for ‘good reason’ or
‘good cause’” do not give rise to a binding contract of employment “when there
is no agreement on what those terms encompass.”  Montgomery County Hosp.
Dist., 965 S.W.2d at 502.

Solis
and Ruiz assert the City’s Personnel Rules and Regulations created an
employment contract because it limited termination to “just cause.”  After
considering the same argument made by Solis and Ruiz in this appeal, a federal
magistrate judge concluded that the City’s Personnel Rules and Regulations did
not alter the “at will” employment relationship between the City and its
employees.  Barrientos v. City of Eagle Pass, No. DR-02-CA-27-OLG/DG,
slip op. at 4-9 (W.D. Tex. Feb. 10, 2003).  The magistrate judge reasoned:

           The plaintiff argues that
he had a property interest based on section 2-22(g)(1) of the Personnel Rules
and Regulations, which provides, among other things that “[a] department head
shall recommend immediate dismissal when the nature of the offense warrants
such action.”  The provision adds that “[t]he following offenses will be
grounds for immediate dismissal including but not limited to ….”  It then lists
nine offenses which would justify immediate dismissal, followed by a tenth
clause which states, “Any other just cause, as determined by the department
head with approval of the city manager.”  The key issue here, as noted by the
defendant, is not whether there is a listing of offenses for which an employee
may be terminated, but whether the personnel rules clearly and explicitly
limited the possible reasons for termination to those items listed.  A
personnel manual may modify the traditional at-will relationship “if it
specifically and expressly curtails the employer’s right to terminate the
employee.”  In this case, the personnel rules clearly do not guarantee that
dismissal will occur only for those reasons specified.  It is, rather, a
partial listing of reasons that suggest causes for termination; it does not
provide the only and exclusive means for firing.  In addition to not limiting
the reasons for which an employee could be dismissed to those nine offenses
listed (e.g., the “including but not limited to” language in section
2-22(g)(1)), the rule contains a significant catch-all provision: Employees may
be dismissed for “[a]ny other just cause as determined by the department head
with approval of the city manager.”  The reference to “just cause”
notwithstanding, the City Manager has complete discretion to determine what
“just cause” is.  There is, for example, nothing in the personnel rules that
prevents the City Manager for finding that a “lack of confidence in job
performance” or any other conduct constituted just cause for termination.

 

Id. at
8-9 (citations omitted).  The magistrate’s recommendations were subsequently
accepted by a federal district judge.  See Barrientos v. City of
Eagle Pass, No. DR-02-CA-027-OG (W.D. Tex. Mar. 28, 2003) (order).  We also
agree with the federal magistrate judge’s analysis and hold no employment
contract existed between the City and Solis and Ruiz.

The
trial court’s order is affirmed.

Catherine Stone, Chief Justice