*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-09-00658-CV

Juan Carlos **SOLIS** and Roberto Ruiz,
Appellants

v.

**CITY OF EAGLE PASS, TEXAS**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 07-12-23119 MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

Juan Carlos Solis and Roberto Ruiz appeal the trial court's order granting the plea to the jurisdiction filed by the City of Eagle Pass, Texas. Solis and Ruiz contend the trial court erred in granting the plea because the employment contract they had with the City waived the City's sovereign immunity or, alternatively, the employment contract is a services contract for which immunity is waived under section 271.151, *et al.* of the Texas Local Government Code. Because we conclude no employment contract existed, we affirm the trial court's order.

This court carried the City's second motion to dismiss for lack of appellate jurisdiction with this appeal. In the motion, the City argues that the notice of appeal filed by Solis and Ruiz was untimely because their request for findings of fact and conclusions of law did not extend the appellate deadlines. Under the facts and circumstances presented in this case, we disagree.

The deadline for filing a notice of appeal is extended if any party timely files a request for findings of fact and conclusions of law "if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a)(4); *see also IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). The Texas Supreme Court has stated that a request for findings of fact and conclusions of law does not extend appellate deadlines when a case is dismissed for want of jurisdiction without an evidentiary hearing; however, if a trial court grants a plea to the jurisdiction after an evidentiary hearing, such a request will extend the deadlines. *Compare IKB Industries (Nigeria) Ltd.*, 938 S.W.2d at 443 (deadlines not extended if case dismissed without evidentiary hearing), *with Gene Duke Builders, Inc. v. Abilene Housing Authority*, 138 S.W.3d 907, 908 (Tex. 2004) (deadlines extended where plea granted after evidentiary hearing); *see also Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (noting trial court deciding a plea to the jurisdiction must consider evidence when necessary to resolve the jurisdictional issue raised). Accordingly, because Solis and Ruiz are appealing an order granting the City's plea to the jurisdiction, their request for findings of fact and conclusions of law would extend the appellate deadline only if the trial court held an evidentiary hearing.

One of the issues presented at the hearing before the trial court was whether an employment contract existed between the parties. Generally, whether a contract exists between parties is a question of fact; however, in some cases, a court may decide the fact question as a

matter of law. *See Foreca, S.A. v. GRD Development Co.*, 758 S.W.2d 744, 746 (Tex. 1988); *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Texas Southern Univ. v. State Street Bank & Trust Co.*, 212 S.W.3d 893, 902 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting plea to jurisdiction must be denied where the State contends that it is immune on the basis of a contract dispute but where fact issues exist regarding the existence of a contract). The City attached fifteen documents to its plea, asserting they were "a set of authenticated and admissible exhibits." One of these documents was the City's Personnel Rules and Regulations, which Solis and Ruiz heavily rely on in asserting an employment contract existed. Similarly, Solis and Ruiz attached a number of exhibits to their response to the City's plea.

A second issue presented at the hearing was whether immunity was waived even if the trial court found an employment contract existed. At the hearing, the City's attorney asserted that the existence of a contract would not waive immunity absent an express waiver and the contract could not be considered a contract for which immunity was waived under chapter 271 of the Local Government Code.

The trial court's order states that the trial court considered the plea, the responses, the contents of the Court's file, and the arguments and authorities presented by counsel. The trial court's order does not, however, state the basis on which the trial court granted the City's plea. As a result, the trial court could have found that a contract existed based on the evidence presented, but the trial court could have determined that the contract did not waive the City's immunity. Because the trial court considered evidence in resolving the issue regarding the existence of the contract and because the findings and conclusions could have a purpose or would be a useful tool for appellate review under the circumstances presented, we conclude that

the request for findings of fact and conclusions of law in this case extended the appellate deadlines. *See Gene Duke Builders, Inc.*, 138 S.W.3d at 908; *Phillips v. Beavers*, 938 S.W.2d 446, 447 (Tex. 1997). Accordingly, the City's second motion to dismiss for lack of appellate jurisdiction is denied.

We next consider whether an employment contract existed between the parties. Given the existing precedent, we will not belabor this point. "For well over a century, the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). "As a general rule employee handbooks and policy manuals constitute general guidelines in the employer/employee relationship and do not create implied contracts between the employer and employee." *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.). "[S]tatements that an employee will be discharged only for 'good reason' or 'good cause'" do not give rise to a binding contract of employment "when there is no agreement on what those terms encompass." *Montgomery County Hosp. Dist.*, 965 S.W.2d at 502.

Solis and Ruiz assert the City's Personnel Rules and Regulations created an employment contract because it limited termination to "just cause." After considering the same argument made by Solis and Ruiz in this appeal, a federal magistrate judge concluded that the City's Personnel Rules and Regulations did not alter the "at will" employment relationship between the City and its employees. *Barrientos v. City of Eagle Pass*, No. DR-02-CA-27-OLG/DG, slip op. at 4-9 (W.D. Tex. Feb. 10, 2003). The magistrate judge reasoned:

> The plaintiff argues that he had a property interest based on section 2-22(g)(1) of the Personnel Rules and Regulations, which provides, among other

things that "[a] department head shall recommend immediate dismissal when the nature of the offense warrants such action." The provision adds that "[t]he following offenses will be grounds for immediate dismissal including but not limited to …." It then lists nine offenses which would justify immediate dismissal, followed by a tenth clause which states, "Any other just cause, as determined by the department head with approval of the city manager." The key issue here, as noted by the defendant, is not whether there is a listing of offenses for which an employee may be terminated, but whether the personnel rules clearly and explicitly limited the possible reasons for termination to those items listed. A personnel manual may modify the traditional at-will relationship "if it specifically and expressly curtails the employer's right to terminate the employee." In this case, the personnel rules clearly do not guarantee that dismissal will occur only for those reasons specified. It is, rather, a partial listing of reasons that suggest causes for termination; it does not provide the only and exclusive means for firing. In addition to not limiting the reasons for which an employee could be dismissed to those nine offenses listed (*e.g.*, the "including but not limited to" language in section 2-22(g)(1)), the rule contains a significant catch-all provision: Employees may be dismissed for "[a]ny other just cause as determined by the department head with approval of the city manager." The reference to "just cause" notwithstanding, the City Manager has complete discretion to determine what "just cause" is. There is, for example, nothing in the personnel rules that prevents the City Manager for finding that a "lack of confidence in job performance" or any other conduct constituted just cause for termination.

*Id.* at 8-9 (citations omitted). The magistrate's recommendations were subsequently accepted by a federal district judge. *See Barrientos v. City of Eagle Pass*, No. DR-02-CA-027-OG (W.D. Tex. Mar. 28, 2003) (order). We also agree with the federal magistrate judge's analysis and hold no employment contract existed between the City and Solis and Ruiz.

The trial court's order is affirmed.

Catherine Stone, Chief Justice