E.L. SMITH, Appellant,

v.

RADAM, INC. d/b/a Fred Fincher Motors, Appellee.

No. 01–00–00510–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 2001.

Joseph R. Willie, II, Houston, for Appellant.

Jeffrey Singer, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

SCHNEIDER, Chief Justice.

Appellant and his mother purchased a truck from appellee. Appellant sued appellee for breach of a bailment contract, fraud, and Deceptive Trade Practices Act violations arising from the transaction. The trial court granted summary judgment to appellee on all causes of action except breach of a bailment contract. That cause of action was tried before a jury, and the trial court granted the appellee's motion for a directed verdict. We affirm.

### Factual and Procedural Background

Appellant and his mother purchased a 1989 Ford pickup truck from appellee in December 1994. The truck was sold "as is." Two days after the purchase, appellant noticed some problems with the truck when it was driven at high speeds. Appellant returned the truck to appellee and

explained the problem. Appellee's representative inspected the truck, took it for a test drive, and concluded that nothing was wrong. The vehicle was returned to appellant without any repairs being done. One week later, the truck would not start. Appellant had the truck towed to appellee's car lot. The manager was not there, so appellant left the truck on the lot.

The next business day, appellee's manager informed appellant that they had no obligation to repair the truck. Over a period of three months, appellant wrote letters to appellee and called appellee on the telephone, requesting prompt repair of the vehicle or a refund of the purchase price. Appellee responded in writing that his company was not obligated to repair the vehicle because of the "as is, no warranty" clause. The vehicle remained on the dealership lot for seven or eight months and was then moved to another garage. Over a year after the truck was returned, appellee sold the vehicle at an auction for $4,055.00.[1]

Appellant filed suit against appellee. The trial court granted summary judgment on the fraud and DTPA causes of action. The court granted a directed verdict on the breach of a bailment contract cause of action. Appellant appeals the grant of summary judgment and the directed verdict. We affirm.

### Analysis

*I. Summary Judgment*

*A. Standard of Review*

■ In reviewing the grant of a no-evidence summary judgment, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *See Macias v. Fiesta Mart,* 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. TEX.R. CIV. P. 166a(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. *Id.*

■ The trial court's order does not specify the grounds on which it granted summary judgment. Thus, we will affirm the summary judgment if any of the theories advanced in the motion are meritorious. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996); *Roberts v. Friendswood Dev. Co.,* 886 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1994).

*B. Fraud and DTPA Misrepresentation*

■ We do not reach the merits of appellant's challenge to the grant of summary judgment on the fraud and DTPA misrepresentation claims because appellant has not properly briefed the points for our consideration.[2] These points are not supported by any legal authority in appellant's brief. When a party fails to include any citation of authority or discussion of relevant facts to support its issues on appeal, "we will not perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Happy Harbor Methodist Home, Inc. v. Cowins,* 903 S.W.2d 884, 886 (Tex.App.—Houston [1st Dist.] 1995, no

---

1. We do not address the validity of this sale because appellant does not raise the issue of wrongful foreclosure for our consideration.

2. Appellant contends the salesman told him that: (1) the truck was in very good condition; (2) the truck had been owned by an older gentleman and had been driven infrequently; and (3) the truck would run very well without the need for repairs. Appellant contends these statements amounted to fraud and DTPA misrepresentation.

writ). Thus, we consider appellant's challenge to the grant of summary judgment on the alleged fraud and DTPA misrepresentations to be waived. *See Ryan v. Abdel-Salam*, 39 S.W.3d 332, 336 (Tex.App.—Houston [1st Dist.] 2001, no writ).

### C. DTPA Breach of Warranty

■ In its motion for summary judgment, appellee contended that appellant's breach of warranty actions failed because there was no evidence to show: (1) the existence of any implied warranty; or (2) that the breach of any warranty caused appellant's damages. Thus, we must determine if appellant, as the non-movant, has met his burden to present evidence that raises a genuine issue of material fact regarding DTPA breach of an implied or express warranty. *See Macias*, 988 S.W.2d at 317. To prevail on a DTPA cause of action, a plaintiff must establish that: (1) he is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages. *See Doe v. Boys Clubs, Inc.*, 907 S.W.2d 472, 478 (Tex.1995); TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) (Vernon Supp. 2001). Appellant contends appellee violated the DTPA through a breach of an express or implied warranty.

### 1. Implied Warranties

■ The UCC implies certain warranties in every sale of goods. *See* TEX. BUS. & COM.CODE ANN. § 2.314 and § 2.315 (Vernon Supp.2001). However, all implied warranties are disclaimed and excluded by expressions like "as is" or "with all faults" if the writing is conspicuous. *See* TEX. BUS. & COM.CODE ANN. § 2.316(b) and § 2.316(c)(1) (Vernon Supp.2001). Here, the words "AS IS" were in large letters, written in all capitals, and in bold face type on the Buyer's Guide. Thus, all implied warranties were effectively disclaimed.

*See id.* It is not a violation of the DTPA to disclaim implied warranties. Thus, summary judgment was proper as to this issue.

### 2. Express Warranties

■ No particular words are necessary to create an express warranty. TEX. BUS. & COM.CODE ANN. § 2.313(b) (Vernon Supp. 2001). Appellant contends the statement that the truck was in "good condition" and "would not need repairs" constituted an express warranty. Assuming without deciding that these statements did constitute an express warranty, summary judgment was still proper because appellant cannot establish the necessary element of producing cause to prevail under the DTPA. In *Prudential Insurance Company of America v. Jefferson Associates, Ltd.*, the Texas Supreme Court found that, to show causation, a plaintiff must prove that the act or omission was a substantial factor in bringing about the injury. 896 S.W.2d 156, 161 (Tex.1995). Although the *Prudential Insurance* case concerned a sale of real property in a commercial context, courts have applied its reasoning in the context of a consumer purchase. *See, e.g., Fletcher v. Edwards*, 26 S.W.3d 66, 75 (Tex.App.—Waco 2000, pet denied).

■ In the *Prudential Insurance* case, and in the case before us today, the contract for purchase contained an "as is" provision. This clause precludes a buyer from proving that the seller's conduct caused him any harm. *See Prudential Ins. Co.*, 896 S.W.2d at 161. When a buyer agrees to purchase something "as is," he agrees to make his own appraisal of the bargain and to accept the risk that he may be wrong. *See id.* In making this choice, a buyer "removes the possibility that the seller's conduct will cause him damage." *Id.* Appellant acknowledged in a deposition that there was actual awareness that the

"as is" clause was in the paperwork signed. When asked "did you understand that you were buying the truck *as is*?" the response was, "In a way, I did."

Appellant did not bring forth evidence to raise a fact issue about the existence of implied warranties. Appellant did not bring forth evidence to raise a fact issue indicating that breach of express warranties, if any, caused appellant to be damaged. Thus, we find the grant of summary judgment was proper as to the DTPA warranty claims.

We overrule the point of error.

## II. The Directed Verdict

### A. Standard of Review

We review the grant of a directed verdict in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences. *See Qantel Bus. Sys., Inc. v. Custom Controls,* 761 S.W.2d 302, 303 (Tex.1988); *Smith v. Aqua-Flo, Inc.,* 23 S.W.3d 473, 476 (Tex.App.—Houston [1st Dist.] 2000, pet. denied). The movant is entitled to a directed verdict when: (1) a defect in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence conclusively proves the truth of factual propositions that, under the substantive law, establish the right of the movant to judgment; or (3) the evidence is legally insufficient to raise an issue of fact on a fact proposition that must be established for the movant's opponent to be entitled to judgment. *See Neller v. Kirschke,* 922 S.W.2d 182, 187 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

The trial court granted the motion for directed verdict without stating the specific grounds on which it was relying. Thus, the verdict must be upheld if any of the grounds stated in the motion are meritorious. *See Prather v. Brandt,* 981 S.W.2d 801, 805 (Tex.App.—Houston [1st Dist.] 1998, pet. denied).

### B. Breach of a Bailment Contract [3]

The elements of a bailment are: (1) the delivery of personal property from one person to another for a specific purpose; (2) an acceptance by the transferee of such delivery; (3) an agreement that the purpose will be fulfilled; and (4) an understanding that property will be returned to transferor or dealt with as the transferor directs. *See Sears, Roebuck & Co. v. Wilson,* 963 S.W.2d 166, 168–69 (Tex.App.—Fort Worth 1998, no pet.); *Soto v. Sea-Road Int'l, Inc.,* 942 S.W.2d 67, 72 (Tex.App.—Corpus Christi 1997, writ denied). A bailment contract may arise by implication if there is an implied bailor-bailee relationship. *See Sanroc Co., Int'l. v. Roadrunner Transp., Inc.,* 596 S.W.2d 320, 322 (Tex.App.—Houston [1st Dist.] 1980, no writ). The relationship of a bailor and a bailee is based on a contract under which the bailed goods are delivered by the bailor and accepted by a bailee for a specific purpose. *See Rust v. Shamrock Oil & Gas Corp.,* 228 S.W.2d 934, 935 (Tex.Civ.App.—Amarillo 1950, no writ).

Appellant has failed to establish an agreement regarding the "bailed" property. In reviewing the record in the light most favorable to appellant, our review of the record indicates there was no agreement made as to the vehicle. The record reflects that appellant had the truck towed to the dealership when it would not start. The next business day, appellant was told that no repairs would be made. There was no agreement as to repairs to be made

---

**3.** Both appellant and the trial court refer to the breach of a bailment contract cause of action as an action for negligent bailment.

or a length of time that the truck should be left there. Therefore, without an agreement, there is no evidence of any express or implied bailment contract regarding the truck. There is no evidence that appellee knew it would be assuming the responsibilities of a bailee. *See Hoye v. Like*, 958 S.W.2d 234, 237 (Tex.App.—Amarillo 1997, no pet.) (noting that "evidence must show that the person sought to be charged as a bailee knew he was assuming such relationship"). Thus, there was no bailment contract.

Generally, if there is a bailment contract and bailed chattel is not returned, or is returned in damaged condition, a prima facie case of negligence is established. *See Sears, Roebuck and Co.*, 963 S.W.2d at 169; *Aatco Transmission Co. v. Hollins*, 682 S.W.2d 682, 684 (Tex.App.—Houston [1st Dist.] 1984, no writ). The bailee then must rebut this presumption of negligence by proving the loss or damage was not from his own negligence, and that he exercised due care to protect the chattel. *See id.*

However, because we have found there was no evidence of a bailment contract, there was no presumption of negligence for appellee to rebut. *See id.; Allright Auto Parks, Inc. v. Moore*, 560 S.W.2d 129, 130 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). Thus, the directed verdict was proper, and we overrule the point of error.

### Conclusion

We overrule the points of error.

We affirm the judgment of the trial court.