NO.
12-06-00208-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARY AND CECIL BROOMFIELD,        §                                  APPEAL
FROM THE 

APPELLANTS

 

V.        §                                  COUNTY COURT
OF

 

SHIRLEY PARKER,

APPELLEE   §                                  SHELBY
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Mary and
Cecil Broomfield appeal a judgment entered against them in favor of Shirley
Parker after a bench trial.  In five
issues, the Broomfields challenge the sufficiency of the evidence to support
the judgment.  We reverse and remand.

 

Background

            The
Broomfields operate a used car lot under the name “Cecil’s Wheels.”  Parker went to the Broomfields’ lot searching
for a vehicle to buy for her daughter. 
After looking at several vehicles, Parker decided to purchase a 1997
Ford Taurus.  As Parker was negotiating
the purchase, Mary Broomfield told her that the vehicle had no warranty.  Parker signed a document verifying that the
vehicle was being purchased “as is” and that she would be responsible for the
cost of any repairs.  Parker also signed
an installment sale contract that included a disclaimer of all express and
implied warranties on the vehicle. 
Parker paid the Broomfields a down payment of $1,000 plus $412.27 for
the tax, title, and license.








            As Parker
drove the vehicle from the Broomfields’ lot, it hesitated, but she was not
concerned. She then gave the vehicle to her daughter.  Parker’s daughter drove the vehicle without
incident the first day.  Over the next
three days, however, Parker’s daughter had several problems with the vehicle,
including being unable to get it to start. 
Less than a week after purchasing the vehicle, Parker took the vehicle
back to the Broomfields’ lot and demanded her money back.  When the Broomfields refused, Parker left the
vehicle at the Broomfields’ lot and continued to demand the return of her
money. Parker never paid the Broomfields pursuant to the terms of the
installment sale contract. The Broomfields took the vehicle to a repair shop
where a vacuum hose was replaced, and then sold the vehicle at auction.

            Parker sued
the Broomfields for the amount of her down payment on the vehicle and the
amount she paid for the tax, title, and license.  The Broomfields filed a counterclaim, stating
that Parker breached the installment sale contract.  After a bench trial, the trial court signed a
judgment that Parker recover $1,421 from the Broomfields. In its findings of
fact and conclusions of law, the trial court found that the Broomfields
violated the Texas Deceptive Trade Practices Act (DTPA) when they 1) sold
Parker a vehicle in a defective condition; 2) should have known of the defect
and disclosed it to Parker; and 3) refused to correct the defect. The
Broomfields filed a motion for new trial, which was overruled by operation of
law.  This appeal followed.  Parker did not file an appellee’s brief.

 

Standard of
Review

            A trial
court’s findings of fact have the same force and dignity as a jury’s
verdict.  Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991).  When, as in this case,  a complete reporter’s record appears in the
appellate record, findings of fact are not conclusive.  City of Corpus Christi, 126
S.W.3d 712, 717 (Tex. App.–Corpus Christi 2004, pet. withdrawn).  Instead, the challenged findings of fact are
reviewed for legal and factual sufficiency of the evidence by the same
standards applied to a jury’s verdict. Id.; Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996).








            A legal
sufficiency challenge may be sustained only when 1) the record discloses a complete
absence of evidence of a vital fact; 2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact; 3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or 4) the evidence establishes conclusively the opposite of the
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998); see also City
of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).  Evidence is legally sufficient if it enables
reasonable and fair minded people to reach the same conclusion.  City of Keller, 168 S.W.3d at
827.  Legal sufficiency review must
credit favorable evidence if reasonable jurors could and disregard contrary
evidence unless reasonable jurors could not. 
Id.

            No deference
is given to a trial court’s conclusions of law. See Quick v. City
of Austin, 7 S.W.3d 109, 116 (Tex. 1998).  Instead, conclusions of law are reviewed de
novo.  City of Corpus Christi v.
Taylor, 126 S.W.3d at 718; Boyd v. Boyd, 67 S.W.3d 398, 404
(Tex. App.–Fort Worth 2002, no pet.). 
Conclusions of law will be upheld if the judgment can be sustained on
any legal theory supported by the evidence. City of Corpus Christi,
126 S.W.3d at 718; Mack v. Landry, 22 S.W.3d 524, 528 (Tex. App.–Houston
[14th Dist.] 2000, no pet.).

 

Sale of the
1997 Ford Taurus

            In their
first issue, the Broomfields allege that the evidence establishes, as a matter
of law, that the sale of the vehicle was made without express or implied
warranties and without any implied warranty of merchantability or fitness for a
particular purpose.  In their fourth
issue, the Broomfields allege that there is no evidence or, alternatively,
insufficient evidence of a DTPA violation. 

            To prevail
on her claim that the Broomfields violated the DTPA, Parker was required to
prove that 1) she was a consumer; 2) the Broomfields engaged in false,
misleading, or deceptive acts; and 3) those acts were a producing cause of
Parker’s damages.  See Smith
v. Radam, Inc., 51 S.W.3d 413, 416 (Tex. App.–Houston [1st Dist.] 2001,
no pet.).  Before Parker purchased the
vehicle, Mary Broomfield told her the vehicle was being sold without a
warranty.  When Parker purchased the
vehicle, she signed a document verifying that the vehicle was being purchased “as
is” and that she would be responsible for the cost of any repairs.  Additionally, Parker signed an installment
sale contract that included a specific disclaimer of all express and implied
warranties. 

            By
purchasing a product “as is,” a buyer agrees to assess the bargain on her own
and to accept the risk that such assessment may be wrong.  Smith, 51 S.W.3d at 418.  Thus, an “as is” purchase “removes the
possibility that the seller’s conduct will cause [the buyer] damage.”  Id.  As the Texas Supreme Court has stated, “The
sole cause of a buyer’s injury in such circumstances, by his own admission, is
the buyer himself.”  Prudential
Ins. Co. of Am. v. Jefferson Assoc., 896 S.W.2d 156, 161 (Tex.
1995).  

            Because
Parker purchased the vehicle “as is,” she was precluded from proving that any
acts by the Broomfields were a producing cause of her damages.  See Smith, 51 S.W.3d at 416.  Furthermore, the record contains no
evidence that the Broomfields committed any acts that were false, misleading,
or deceptive.  See id.  Therefore, the evidence was legally
insufficient to support the trial court’s judgment.  The Broomfields’ first issue and the portion
of their fourth issue that pertains to legal sufficiency are sustained.  We need not reach the Broomfields’ remaining
issues.  Tex. R. App. P. 47.1.  

 

Conclusion

            The judgment
of the trial court is reversed, and the proceeding is remanded
to the trial court for a new trial. 
Generally, an appellate court reverses and renders judgment when
sustaining a legal sufficiency challenge. 
Horrocks v. Tex. Dep’t of Transp., 852 S.W.2d 498, 498-99
(Tex. 1993). However, the Broomfields challenged legal sufficiency in a motion
for new trial.  Because  the Broomfields sought only a new trial from
the trial court, we remand the case rather than render judgment. See id.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered March 7,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)