**Opinion issued February 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00476-CV

———————————

**LEROY GREER III, Appellant**

**V.**

**JULIA CLEVELAND, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 110862-CV**

---

## MEMORANDUM OPINION

This is a case about the ownership of residential real property ("the Property").

Appellee Julia Cleveland contends Appellant Leroy Greer gave her the Property as

a gift. But Greer claims Cleveland unlawfully converted it by forging a deed that

transferred the Property to her. Greer sued Cleveland for fraud and conversion, seeking money damages and recission of the allegedly fraudulent deed.

Greer filed two motions for summary judgment, both of which the trial court denied. After a bench trial, the trial court entered a take-nothing judgment in Cleveland's favor. Greer appeals the trial court's judgment. We affirm.

## I.    Background

### A.    Transfer of the Property from Greer to Cleveland

The Property is located at 9522 Emerald Lakes Drive in Rosesharon, Texas. Greer owned the Property and, according to him, agreed to sell it to Cleveland and her husband for $395,000. The record does not contain any documents reflecting the terms of this sale or its financing, but at trial, Greer described the arrangement as one in which Cleveland and her husband began living at the Property and paying him "10 grand or 15" per month "until they paid me off." Greer characterized this transaction as a "loan" and said he was not charging Cleveland and her husband rent because "[t]hey were actually buying the property from me."

At some point after Cleveland and her husband entered this transaction, Cleveland's husband was sent to jail, and they divorced. According to Greer, Cleveland continued to live at the Property after the divorce but "couldn't pay the note." Greer testified that Cleveland and her husband had "made about six payments" but "still owed $50,000" when "they defaulted on the loan."

2

In July 2014, after Cleveland and her husband had begun living at the Property and allegedly making payments to Greer toward the purchase price, Greer borrowed $90,000 in an unrelated transaction and granted the lender a lien on the Property as security. Greer paid off the loan in December 2014, and the lender released the lien.

Greer claims that, in September 2017, he wanted to sell the Property (apparently to a third party, notwithstanding that Cleveland was still living there). He filed a release of the lien in the county real-property records to prepare for the sale. In doing so, Greer discovered a "General Warranty Gift Deed" ("the Gift Deed") from 2014 transferring ownership of the Property from him to Cleveland. The Gift Deed is purportedly signed by Greer, and his signature is notarized. The Gift Deed states that it was supported by consideration of "[l]ove of, and affection for, [Cleveland.]" The Gift Deed also states that it was prepared in the office of a local attorney.

Greer claims the Gift Deed is a forgery. He testified he did not sign it, he did not engage an attorney to draft it, and he would not have given the Property to Cleveland as a gift. Accordingly, in October 2017, Greer filed a "Residential Real Property Affidavit" as a lis pendens in the real-property records. In it, he stated that "Julia Cleveland is not the legal owner of this property" and the Gift Deed was a "fraud and forgery of my signature."

## B.    Proceedings in the trial court

In December 2017, about two months after he filed the lis pendens, Greer sued Cleveland for fraud and conversion. Proceeding pro se, Cleveland filed an answer in which she made a general denial and asserted statute-of-limitations defenses.

Greer filed two motions for summary judgment, both of which he called "no evidence" motions notwithstanding his attachment of evidence to them. Cleveland responded twice to Greer's first motion. Neither of Cleveland's responses was timely, and neither was sworn or contained competent summary-judgment evidence. After a hearing, the trial court denied Greer's first motion for summary judgment in a written order.

Cleveland did not respond to Greer's second motion for summary judgment. The trial court nevertheless denied it in a letter ruling, reasoning that "the evidence attached to [Greer's] own motion raises the fact question of whether the statute of limitations applies" because Greer filed the lis pendens in October 2017 but did not file suit until December 2020.

At the bench trial, Greer introduced an affidavit and report from a handwriting expert opining that Greer's signature on the Gift Deed was a forgery. The handwriting expert did not give live testimony. Greer also testified he did not sign the Gift Deed and did not gift the Property to Cleveland.

Cleveland, still pro se, denied that she fraudulently signed the Gift Deed. She provided testimony supporting that she went to an office where Greer executed the Gift Deed in the presence of notary Velma Richardson. Cleveland further testified that the Gift Deed was sent to "Brazoria County" for filing.

Greer agreed he met Cleveland at an attorney's office but reiterated that he did not sign the Gift Deed. Instead, Greer testified he went to the attorney's office to "give [Cleveland] half of a whole until the note is paid off." Neither party called the attorney who prepared the Gift Deed or notary Richardson to testify.

The trial court ruled in Cleveland's favor. It entered an order finding for Cleveland "in all matters" and denying Greer's request for economic and noneconomic damages, "[s]pecial damages," recission of the Gift Deed, attorney's fees, pre- and post-judgment interest, and costs.

At Greer's request, the trial court entered findings of fact and conclusions of law. It found Cleveland's testimony "regarding picking up [a] document from a law firm to be credible" and the opinions of Greer's "handwriting analysis expert to be not convincing." The court concluded Greer failed to show by a preponderance of the evidence that his "signature was forged on the Gift Deed," and that his failure to "make a showing that the signature was forged" required denial of all other relief he requested.

Greer filed a motion for new trial, which was denied by operation of law. *See* Tex. R. Civ. P. 329b(c). This appeal followed.

## II. Analysis

Greer raises four issues on appeal. In his first two issues, Greer contends the trial court erred by denying his motions for summary judgment. In his third issue, Greer challenges the legal and factual sufficiency of the evidence. And in his fourth issue, Greer argues the trial court abused its discretion by "discounting" his handwriting expert's report. Cleveland did not file an appellate brief.

## A. The denials of Greer's summary-judgment motions are not reviewable on appeal

Greer's first two issues challenging the denial of his motions for summary judgment run afoul of the general rule that the denial of a motion for summary judgment is not reviewable on appeal.[1] *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *see Hernandez v. Ebrom*, 289 S.W.3d 316, 321 (Tex. 2009) ("[A] party may not, after trial and an unfavorable judgment, prevail on a complaint that the party's motion for summary judgment should have been granted."); *Sussex*

---

[1] There are exceptions to this general rule, such as when both parties move for summary judgment and the trial court grants one motion but denies the other, resulting in a final judgment, *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997), or certain types of cases listed in Chapter 51 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5), (6). However, this case does not fall within any of the exceptions.

*Council of Co-Owners v. Wang*, No. 01-22-00567-CV, 2023 WL 5208042, at *8 (Tex. App.—Houston [1st Dist.] Aug. 15, 2023) (mem. op.) (same).

This general rule applies to denials of both traditional and no-evidence summary-judgment motions. TEX. R. CIV. P. 166a cmt. (1997) ("The denial of a [no-evidence summary-judgment motion under Texas Rule of Civil Procedure 166a(i)] is no more reviewable by appeal or mandamus than the denial of a [traditional summary-judgment motion under Texas Rule of Civil Procedure 166a(c)]."); *Citizens Nat'l Bank of Tex. v. Dall. ATM Mgmt. Servs., Inc.*, No. 07-08-0011-CV, 2009 WL 2045247, at *1 (Tex. App.—Amarillo July 15, 2009, no pet.) (mem. op.) ("The rule is the same for no-evidence motions for summary judgment as for traditional motions, as the comment to Rule [166a] makes clear."). Accordingly, we cannot consider the trial court's denials of the summary-judgment motions.

The cases Greer cites do not require a contrary conclusion. In each of them, the appellate court reviewed the *grant* of a summary-judgment motion, not the denial. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) ("The trial court granted Parker's motions for summary judgment . . . . [T]he court of appeals affirmed. . . . We review grants of summary judgment de novo."); *Smith v. Radam, Inc.*, 51 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("Appellant appeals the grant of summary

judgment and the directed verdict."). Greer's cases thus do not support any deviation from the "general rule" that "a trial court's denial of a summary judgment is not reviewable on appeal." *Nguyen v. Kuljis*, 414 S.W.3d 236, 244 (Tex. App.— Houston [1st Dist.] 2013, pet. denied.)

We overrule Greer's first and second issues.

**B.      The trial court's judgment is supported by legally and factually-sufficient evidence**

In his third issue, Greer contends the trial court's adverse findings are not supported by legally and factually-sufficient evidence. Greer argues that his expert's opinion that the Gift Deed signature was forged and his own testimony to the same effect compelled a judgment for him rather than against him. We disagree.

**1.      Standards of review**

In an appeal from a bench trial, the trial court's findings of fact have the same force and effect as jury findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review the trial court's fact findings using the same standards for legal and factual sufficiency of the evidence that we apply to jury findings. *Arraby Props., LLC v. Brown*, 695 S.W.3d 532, 539 (Tex. App.—Houston [1st Dist.] 2023, pet. denied).

A legal sufficiency challenge questions the existence of any evidence to support a finding; it claims the evidence presented at trial can point to only one legal outcome, and that outcome is the opposite of the one reached by the factfinder. *See*

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).  Evidence is legally insufficient when: (a) evidence of a vital fact is absent; (b) rules of law or evidence bar us from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  When, as here, "a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, the judgment must be sustained unless the record conclusively establishes all vital facts in support of the issue."  *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017).

This type of challenge requires appellate courts to conduct a two-pronged analysis.  In the first prong, we examine the record for evidence that supports the trial court's finding, while disregarding contrary evidence unless a reasonable factfinder could not.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).  We reach the second prong only if there is no evidence supporting the trial court's finding, at which point we examine the remainder of the record to determine whether the opposite of the trial court's finding is established as a matter of law.  *See id*.  If the opposite of the trial court's finding is "conclusively established," we will sustain the legal sufficiency challenge.  *See id*.

9

In contrast, when a party attacks the factual sufficiency of evidence, it essentially concedes conflicting evidence was presented at trial but argues the weight of evidence against the finding was so great that to find the opposite was erroneous. *See Jones v. Jones*, 649 S.W.3d 577, 583 (Tex. App.—Houston [1st Dist.] 2022, no pet.). Therefore, "when a party attacks the factual sufficiency of an adverse finding on an issue on which []he has the burden of proof, []he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co*., 46 S.W.3d at 242.

A factual sufficiency challenge requires appellate courts to weigh all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). After doing so, we can "set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co*., 46 S.W.3d at 242; *accord McMahon v. Zimmerman*, 433 S.W.3d 680, 691 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In our review of the record of a bench trial, we must remain mindful that the trial court acts as the factfinder and is the sole judge of the witnesses' credibility. *Mohammed v. D. 1050 W. Rankin, Inc.*, 464 S.W.3d 737, 744 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The trial court determines the weight to be given their testimony, and it resolves conflicts and inconsistencies in the testimony. *See id*. If

10

the evidence is subject to reasonable disagreement, we will not reverse the trial court's judgment. *See id.* at 744–45.

## 2. The trial court's findings are supported by legally-sufficient evidence

Greer's brief does not specify which of the trial court's findings he challenges, other than to argue that his handwriting expert's report was "admitted without any objections," was "not controverted by any evidence," and "detail[ed] the forgery on the [Gift Deed]." We understand these arguments to challenge the trial court's findings that the handwriting expert's conclusions were "not . . . convincing" while Cleveland's testimony about "picking up [a] document from a law firm" was credible. Because there was at least some evidence to support these findings, we conclude the evidence was legally sufficient to support them. *See Dow Chem. Co.*, 46 S.W.3d at 241.

Greer appears to rely on the premise that the trial court was bound by his handwriting expert's opinions because they were "admitted without any objections" and "not controverted" by Cleveland. But Cleveland did controvert the expert's opinions at trial. She testified that she did not forge Greer's signature on the Gift Deed and provided testimony supporting a finding that Greer signed the Gift Deed in her and notary Richardson's presence.

As the trier of fact, the trial court was the exclusive judge of the credibility and weight of the witnesses' testimony. *See HTS Servs., Inc. v. Hallwood Realty*

11

*Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When presented with conflicting evidence, the trial court, in its role as factfinder, could believe one witness and disbelieve another. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *Guimaraes v. Brann*, 562 S.W.3d 521, 549 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Moreover, expert testimony, even if uncontroverted, is not conclusive unless the subject is one for experts alone. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 338 (Tex. 1998).

Therefore, the trial court reasonably could have found Greer's expert's conclusions not convincing, considering Cleveland's live testimony to the contrary. *See Broussard v. Moon*, 431 S.W.2d 534, 537 (Tex. 1968) (witness's qualification as expert does not preclude factfinder from exercising considerable discretion in determining degree of reliance to afford expert's opinion); *Kuhlmann*, 722 S.W.2d at 697 (factfinder evaluating expert testimony has considerable discretion and may reject expert testimony and accept other evidence).

Because the expert's testimony was not conclusive, and because the trial court is the sole judge of the witnesses' credibility, we hold legally-sufficient evidence supports the trial court's finding that the opinions of Greer's handwriting expert were not convincing. *See Shields Ltd. P'ship*, 526 S.W.3d at 571.

The other challenged finding—that the "testimony presented by [Cleveland] regarding picking up [a] document from a law firm [is] credible"—is also supported

by legally-sufficient evidence. Cleveland testified she went to an office located at "2206 Dowling Street," which is the address shown on the Gift Deed, where Greer and notary Richardson were present. Cleveland provided testimony supporting a finding that Greer signed the Gift Deed in Richardson's presence, and "then we sent off the original and that was it." Although fuzzy, the trial court reasonably could have found that the Gift Deed bears Richardson's notary stamp. And although neither party called Richardson to testify, Greer acknowledged that he met Cleveland at a lawyer's office located at "2206 Dowling" in approximately "November, 2014," where "Velma [Richardson] . . . was the one that knew about the document."

Because there is some evidence in the record to support the trial court's finding, it is supported by legally-sufficient evidence. *See Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016) ("[T]he Gardiners presented *some evidence, and therefore legally sufficient evidence*, to support the jury's answer." (emphasis added)).

### 3. The trial court's findings are supported by factually-sufficient evidence

Greer also challenges the factual sufficiency of the trial court's findings. Even considering all the evidence in the record, the trial court's findings are not so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust," and thus they are supported by factually-sufficient evidence. *See Nwokedi*

13

*v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 199 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

First, the trial court's finding that the handwriting expert's opinions were not convincing is supported by factually-sufficient evidence. Greer did not call his handwriting expert to testify, so the expert's report was the sole basis on which the trial court could evaluate the expert's opinions. The report contains little analysis and provides that the expert compared two samples of Greer's known signature with the signature on the Gift Deed. The report offers no information regarding how the expert reached his conclusion that Greer's signature on the Gift Deed was a forgery by comparing it to Greer's known signature (*e.g.*, it does not discuss how the expert applied the purportedly accepted methodology it mentions). And while the expert's report references his curriculum vitae as being "attached," the record is devoid of not only his curriculum vitae but also any information about the expert's education in or experience with handwriting analysis.

In contrast, Cleveland testified that she did not forge the Gift Deed—a point she repeated several times—and she provided testimony supporting that Richardson witnessed Greer sign the Gift Deed. Greer did not call Richardson to rebut this assertion, despite his testimony that Richardson "was the one that knew about the document." Additionally, Cleveland's testimony that she filed the Gift Deed in the real-property records after its execution and notarization is corroborated because the

deed—bearing Greer's signature and Richardson's notary stamp—was indeed filed in the real-property records. Considering all the evidence, the trial court's finding that the expert's opinions were not convincing was not "so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co.*, 46 S.W.3d at 242. The trial court, as the factfinder, could accept or reject all or part of a witness's testimony, believe one witness and disbelieve others, and resolve inconsistencies in any witness's testimony. *Dwairy v. Lopez*, 243 S.W.3d 710, 713 (Tex. App.—San Antonio 2007, no pet.). Therefore, the trial court's finding that the expert's opinions were not convincing is supported by factually-sufficient evidence.

Second, the trial court's finding that Cleveland's testimony was credible is also supported by factually-sufficient evidence. As we explained, Cleveland provided testimony supporting that she went to a law office where Richardson witnessed Greer sign the Gift Deed, which Cleveland then sent to the county clerk for recording in the real-property records. While Greer testified that he did not sign the Gift Deed, he acknowledged he met Cleveland at the office of the attorney whose name appears on the Gift Deed as its preparer and where Richardson was present, and he did not call Richardson to rebut Cleveland's testimony. Considering all the evidence and the trial court's exclusive role in judging witness credibility, the trial court's finding that Cleveland's testimony was credible is not against the "great

15

weight and preponderance of the evidence" and thus is supported by factually-sufficient evidence.

### 4. The trial court's legal conclusions are proper

A trial court's legal conclusions may not be challenged for factual insufficiency, but its conclusions drawn from the facts may be reviewed for correctness. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We will uphold the trial court's legal conclusions "if the judgment can be sustained on any legal theory supported by the evidence." *Cooke v. Morrison*, 404 S.W.3d 100, 107 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

This standard is satisfied here. The trial court reached two "legal conclusions": (1) Greer "failed to meet the standard of Preponderance of Evidence in showing that [his] signature was forged on the . . . Gift Deed"; and (2) Greer's failure "to make a showing that the signature was forged results in all other relief requested by [Greer] be[ing] denied." These conclusions follow directly from the facts found by the trial court. Therefore, we will not disturb them on appeal. *See id.*

We overrule Greer's third issue.

### C. The trial court did not err by "discounting" the handwriting expert's opinions

In his fourth issue, Greer contends the trial court abused its discretion by "discounting" the opinions of his handwriting expert. He argues that because the expert's report was "uncontroverted admissible evidence," the trial court acted

"without reference to any guiding rules or principles" and thus abused its discretion in finding the expert's opinions unconvincing.

Greer's argument confuses the *admissibility* of expert testimony with the *weight and credibility* that the factfinder gives testimony. The admissibility of the expert's report is not at issue, as there is no dispute it was admitted without objection.

Instead, Greer's argument appears to be that because the report was "uncontroverted admissible evidence," the trial court was required to believe the expert's opinions. But as we explained above, the expert's opinions were not uncontroverted; Cleveland's testimony contradicted them. And as the factfinder, the trial court could "accept lay testimony over expert testimony," *Selectouch Corp. v. Perfect Starch, Inc.*, 111 S.W.3d 830, 838 (Tex. App.—Dallas 2003, no pet.), a point that bears emphasis here, considering the record contains no evidence of the expert's training, education, or experience.

Even if Greer's expert's opinions had been uncontroverted, that status would not require the trial court to accept them as fact. *Bowman v. Stephens*, 569 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("Even uncontroverted expert testimony is not binding on a factfinder if the subject of the testimony is not one for experts alone."); *accord Olin Corp. v. Smith*, 990 S.W.2d 789, 797 (Tex. App.—Austin 1999, pet. denied) ("Opinion testimony does not establish any material fact as a matter of law and is never binding on the trier of fact."). Therefore,

17

the trial court did not abuse its discretion in determining that the opinions of Greer's expert were not convincing.

We overrule Greer's fourth issue.

## Conclusion

We affirm the trial court's judgment. All pending motions are denied as moot.


Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.